## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| HAWAIIAN KINGDOM,<br><br>         Plaintiff,<br><br>   v.<br><br>JOSEPH ROBINETTE BIDEN JR., in his official capacity as President of the United States; KAMALA HARRIS, in her official capacity as Vice-President and President of the United States Senate; ADMIRAL JOHN AQUILINO, in his official capacity as Commander, U.S. Indo-Pacific Command; CHARLES P. RETTIG, in his official capacity as Commissioner of the Internal Revenue Service; JANE HARDY, in her official capacity as Australia's Consul General to Hawai'i and the United Kingdom's Consul to Hawai'i; JOHANN URSCHITZ, in his official capacity as Austria's Honorary Consul to Hawai'i; M. JAN RUMI, in his official capacity as Bangladesh's Honorary Consul to Hawai'i and Morocco's Honorary Consul to Hawai'i; JEFFREY DANIEL LAU, in his official capacity as Belgium's Honorary Consul to Hawai'i; ERIC G. CRISPIN, in his official capacity as Brazil's Honorary Consul to Hawai'i; GLADYS VERNOY, in her official capacity as Chile's Honorary Consul General to Hawai'i; ANN SUZUKI CHING, in her official capacity as the Czech Republic's Honorary Consul to Hawai'i; BENNY MADSEN, in his official capacity | Civil Action No.<br><br>DECLARATION OF DAVID KEANU SAI, Ph.D. |

as Denmark's Honorary Consul to Hawai'i;
KATJA SILVERAA, in her official capacity
as Finland's Honorary Consul to Hawai'i;
GUILLAUME MAMAN, in his official
capacity as France's Honorary Consul to
Hawai'i; DENIS SALLE, in his official
capacity as Germany's Honorary Consul to
Hawai'i; KATALIN CSISZAR, in her
official capacity as Hungary's Honorary
Consul to Hawai'i; SHEILA WATUMULL,
in her official capacity as India's Honorary
Consul to Hawai'i; MICHELE CARBONE,
in his official capacity as Italy's Honorary
Consul to Hawai'i; YUTAKA AOKI, in his
official capacity as Japan's Consul General
to Hawai'i; JEAN-CLAUDE DRUI, in his
official capacity as Luxembourg's Honorary
Consul to Hawai'i; ANDREW M.
KLUGER, in his official capacity as
Mexico's Honorary Consul to Hawai'i;
HENK ROGERS, in his official capacity as
Netherland's Honorary Consul to Hawai'i;
KEVIN BURNETT, in his official capacity
as New Zealand's Consul General to
Hawai'i; NINA HAMRE FASI, in her
official capacity as Norway's Honorary
Consul to Hawai'i; JOSELITO A. JIMENO,
in his official capacity as the Philippines's
Consul General to Hawai'i; BOZENA
ANNA JARNOT, in her official capacity as
Poland's Honorary Consul to Hawai'i;
TYLER DOS SANTOS-TAM, in his official
capacity as Portugal's Honorary Consul to
Hawai'i; R.J. ZLATOPER, in his official
capacity as Slovenia's Honorary Consul to
Hawai'i; HONG, SEOK-IN, in his official
capacity as the Republic of South Korea's
Consul General to Hawai'i; JOHN HENRY
FELIX, in his official capacity as Spain's
Honorary Consul to Hawai'i; BEDE

DHAMMIKA COORAY, in his official
capacity as Sri Lanka's Honorary Consul to
Hawai'i; ANDERS G.O. NERVELL, in his
official capacity as Sweden's Honorary
Consul to Hawai'i; THERES RYF DESAI,
in her official capacity as Switzerland's
Honorary Consul to Hawai'i; COLIN T.
MIYABARA, in his official capacity as
Thailand's Honorary Consul to Hawai'i;
DAVID YUTAKA IGE, in his official
capacity as Governor of the State of
Hawai'i; TY NOHARA, in her official
capacity as Commissioner of Securities;
DAMIEN ELEFANTE, in his official
capacity as the acting director of the
Department of Taxation of the State of
Hawai'i; RICK BLANGIARDI, in his
official capacity as Mayor of the City &
County of Honolulu; MITCH ROTH, in his
official capacity as Mayor of the County of
Hawai'i; MICHAEL VICTORINO, in
official capacity as Mayor of the County of
Maui; DEREK KAWAKAMI, in his official
capacity as Mayor of the County of Kaua'i;
CHARLES E. SCHUMER, in his official
capacity as U.S. Senate Majority Leader;
NANCY PELOSI, in her official capacity as
Speaker of the United States House of
Representatives; RON KOUCHI, in his
official capacity as Senate President of the
State of Hawai'i;  SCOTT SAIKI, in his
official capacity as Speaker of the House of
Representatives of the State of Hawai'i;
TOMMY WATERS, in his official capacity
as Chair and Presiding Officer of the County
Council for the City and County of
Honolulu; MAILE DAVID, in her official
capacity as Chair of the Hawai'i County
Council; ALICE L. LEE, in her official
capacity as Chair of the Maui County

3

Council; ARRYL KANESHIRO, in his
official capacity as Chair of the Kauaʻi
County Council; the UNITED STATES OF
AMERICA; the STATE OF HAWAIʻI; the
CITY & COUNTY OF HONOLULU; the
COUNTY OF HAWAIʻI; the COUNTY OF
MAUI; and the COUNTY OF KAUAʻI,

Defendants.

## DECLARATION OF DAVID KEANU SAI, Ph.D.

**Exhibit 1**

4

## <u>DECLARATION OF DAVID KEANU SAI, Ph.D.</u>

I, David Keanu Sai, declare the following:

1.     Declarant is a Hawaiian subject residing in Mountain View, Island of Hawai'i, Hawaiian Kingdom. Declarant currently serves as the Minister of the Interior, Minister of Foreign Affairs *ad interim*, and Chairman of the Council of Regency. Declarant served as Agent for the Hawaiian Kingdom in *Larsen v. Hawaiian Kingdom* arbitral proceedings at the Permanent Court of Arbitration from 1999-2001.

2.     On or about mid-February 2000, declarant, as Agent for the Hawaiian Kingdom, had a phone conversation with the Secretary General of the Permanent Court of Arbitration (PCA), Tjaco T. van den Hout. In that conversation, the Secretary General stated to the declarant that the Secretariat was not able to find any evidence that the Hawaiian Kingdom had been extinguished as a State and acknowledged that the 1862 Hawaiian-Dutch Treaty was not terminated. The declarant understood that the Hawaiian Kingdom satisfied the PCA's institutional jurisdiction pursuant to Article 47 of the 1907 Hague Convention for the Pacific Settlement of International Disputes, I, whereby the PCA would be accessible to Non-Contracting States. The arbitral tribunal was not formed until June 9, 2000.

3.      The Secretary General then stated to the declarant that in order to maintain the integrity of these proceedings, he recommended that the Hawaiian Kingdom Government provide a formal invitation to the United States to join in the arbitral proceedings. The declarant stated that he will bring this request up with the Council of Regency. After discussion, the Council of Regency accepted the Secretary General's request and declarant travelled by airplane with Ms. Ninia Parks, counsel for claimant, Lance P. Larsen, to Washington, D.C., on or about March 1, 2000.

4.      On March 2, 2000, Ms. Parks and the declarant met with Sonia Lattimore, Office Assistant, L/EX, at 10:30 a.m. on the ground floor of the Department of State and presented her with two (2) binders, the first comprised of an Arbitration Log Sheet with accompanying documents on record at the Permanent Court of Arbitration. The second binder comprised of various documents of the Acting Council of Regency as well as diplomatic correspondences with treaty partners of the Hawaiian Kingdom.

5.      Declarant stated to Ms. Lattimore that the purpose of our visit was to provide these documents to the Legal Department of the U.S. State Department in order for the U.S. Government to be apprised of the arbitral proceedings already in train and that the Hawaiian Kingdom, by consent of the Claimant, extends an opportunity for the United States to join in the

arbitration as a party. Ms. Lattimore assured the declarant that the package would be given to Mr. Bob McKenna for review and assignment to someone within the Legal Department. Declarant told Ms. Lattimore that he and Ms. Parks will be in Washington, D.C., until close of business on Friday, and she assured declarant that she will call on declarant's cell phone by the close of business that day with a status report.

6.     At 4:45 p.m., Ms. Lattimore contacted the declarant by phone and stated that the package had been sent to John Crook, Assistant Legal Advisor for United Nations Affairs. She stated that Mr. Crook will be contacting the declarant on Friday (March 3, 2000), but declarant could give Mr. Crook a call in the morning if desired.

7.     At 11:00 a.m., March 3, 2000, declarant called Mr. Crook and inquired about the receipt of the package. Mr. Crook stated that he did not have ample time to critically review the package but will get to it. Declarant stated that the reason for our visit was the offer by the Respondent Hawaiian Kingdom, by consent of the Claimant, by his attorney, for the United States Government to join in the arbitral proceedings already in motion. Declarant also advised Mr. Crook that Secretary General van den Hout of the PCA was aware of our travel to Washington, D.C., and the offer to join in the

arbitration. The Secretary General requested that the dialogue be reduced to writing and filed with the International Bureau of the PCA for the record.

8.    Declarant further stated to Mr. Crook that enclosed in the binders were Hawaiian diplomatic protests lodged by declarant's former country men and women with the Department of State in the summer of 1897, that are on record at the U.S. National Archives, in order for him to understand the gravity of the situation. Declarant also stated that included in the binders were two (2) protests by the declarant as an officer of the Hawaiian Kingdom Government against the State of Hawai'i for instituting unwarranted criminal proceedings against the declarant and other Hawaiian subjects under the guise of American municipal laws within the territorial dominion of the Hawaiian Kingdom.

9.    In closing, the declarant stated to Mr. Crook that after a thorough investigation into the facts presented to his office, and following zealous deliberations as to the considerations offered, the Government of the United States shall resolve to decline our offer to enter the arbitration as a Party, the present arbitral proceedings shall continue without affect pursuant to the 1907 Hague Conventions IV and V, and the UNCITRAL Rules of arbitration. Mr. Crook acknowledged what was said and the conversation then came to a close. That day a letter confirming the content of the

discussion was drafted by the declarant and sent to Mr. Crook. The letter

was also carbon copied to the Secretary General of the PCA, Ms. Parks, Mr.

Keoni Agard, appointing authority for the arbitral proceedings, and Ms.

Noelani Kalipi, Hawaiʻi Senator Daniel Akaka's Legislative Assistant.

10. Thereafter, the PCA's Deputy Secretary General, Phyllis Hamilton, spoke

with declarant over the phone and informed declarant that the United States,

through its embassy in The Hague, notified the PCA that the United States

had declined the invitation to join in the arbitral proceedings. Instead, the

United requested permission from the Hawaiian Kingdom Government and

the Claimant to have access to the pleadings and records of the case. Both

the Hawaiian Government and the Claimant consented to the United States'

request.

11. On March 21, 2000, Professor Christopher Greenwood, QC, was confirmed

as an arbitrator, and on March 23, 2000, Gavan Griffith, QC, was confirmed

as an arbitrator. On May 28, 2000, the arbitral tribunal was completed by the

appointment of Professor James Crawford as the presiding arbitrator. On

June 9, 2000, the parties jointly notified, by letter, the Deputy Secretary

General of the PCA that the arbitral tribunal had been duly constituted.

12. After written pleadings were filed by the parties with the PCA, oral hearings

were held at the PCA on December 7, 8 and 11, 2000. The arbitral award

was filed with the PCA on February 5, 2000 where the tribunal found that it lacked subject matter jurisdiction because it concluded that the United States was an indispensable third party. Consequently, the Claimant was precluded from alleging that the Hawaiian Kingdom, by its Council of Regency, was liable for the unlawful imposition of American municipal laws over the Claimant's person within the territorial jurisdiction of the Hawaiian Kingdom without the participation of the United States.

13.   After returning from The Hague in December of 2000, the Council of Regency determined that the declarant would enter the University of Hawaiʻi at Mānoa as a graduate student in the political science department in order to directly address the misinformation regarding the continuity of the Hawaiian Kingdom as an independent and sovereign State that has been under a prolonged occupation by the United States since January 17, 1893 through research and publication of articles. The decision made by the Council of Regency was in accordance with Section 495—*Remedies of Injured Belligerent*, United States Army FM-27-10 states, "[i]n the event of violation of the law of war, the injured party may legally resort to remedial action of the following types: *a.* Publication of the facts, with a view to influencing public opinion against the offending belligerent."

14.     The declarant received his master's degree in political science specializing in international relations and law in 2004 and received his Ph.D. degree in political science with particular focus on the continuity of the Hawaiian Kingdom. Declarant has published multiple articles and books on the prolonged occupation of the Hawaiian Kingdom and its continued existence as a State under international law. Declarant's curriculum vitae can be accessed online at http://www2.hawaii.edu/~anu/pdf/CV.pdf. Declarant can be contacted at interior@hawaiiankingdom.org.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: Mountain View, Hawaiian Kingdom, May 19, 2021.

David Keanu Sai