MATTHEW M. BRACKEN      10267
County Attorney
MARK L. BRADBURY           9352
Deputy County Attorney
Office of the County Attorney
4444 Rice Street, Suite 220
Līhu'e, Hawai'i 96766
Telephone:  (808) 241-4930
Facsimile:  (808) 241-6319
E-Mail:  mbracken@kauai.gov
             mbradbury@kauai.gov

Attorneys for Defendants
DEREK KAWAKAMI, ARRYL
KANESHIRO and COUNTY OF KAUA'I

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| HAWAIIAN KINGDOM, | CIVIL NO. CV21-00243 LEK-RT |
| | (Other Civil Rights) |
| Plaintiff, | |
| | DEFENDANTS DEREK |
| vs. | KAWAKAMI, ARRYL KANESHIRO, |
| | AND COUNTY OF KAUA'I'S |
| JOSEPH ROBINETTE BIDEN JR., | REPLY TO PLAINTIFF HAWAIIAN |
| in his official capacity as President of | KINGDOM'S RESPONSE TO |
| the United States, et al., | DEFENDANTS' MOTION TO |
| | DISMISS COMPLAINT FILED |
| Defendants. | JULY 1, 2021 [ECF NO. 37]; |
| | CERTIFICATE OF SERVICE |
| | |
| | Trial Date:      None |

**DEFENDANTS DEREK KAWAKAMI, ARRYL KANESHIRO,
AND COUNTY OF KAUA'I'S REPLY TO PLAINTIFF
HAWAIIAN KINGDOM'S RESPONSE TO DEFENDANTS' MOTION
TO DISMISS COMPLAINT FILED JULY 1, 2021 [ECF NO. 37]**

I.    **INTRODUCTION**

Plaintiff HAWAIIAN KINGDOM ("Kingdom") concedes that this Court lacks subject matter jurisdiction to hear this case unless this Court transforms itself from an Article III Court to an Article II Court. [ECF No. 37, Page ID #409].  In support of its jurisdictional transformation request, the Kingdom provides a travel through history without citing any legal authority to support the request.

It is the County Defendants' position that such a transformation would violate the separation of powers doctrine.

II.   **DISCUSSION**

The United States Constitution divides the power of the Federal Government into three separate branches, the legislative, the executive and the judicial. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559, 112 S.Ct. 2130, 2136 (1992).  This division of power is known as the doctrine of separation of powers.  Justice Brandeis stated in his dissent that "[t]he doctrine of the separation of powers was adopted by the Convention of 1787 not to promote efficiency but to preclude the exercise of arbitrary power.  The purpose was not to avoid friction, but, by means of the inevitable friction incident to the distribution of the governmental powers among three departments, to save the people from autocracy." *Myers v. United States*, 272 U.S. 52, 293, 47 S.Ct. 21, 85 (1926).  Under the doctrine "the Legislature cannot exercise either executive or judicial power; the executive cannot

2

exercise either legislative or judicial power; the judiciary cannot exercise either executive of legislative power. *Springer v. Government of Philippine Islands*, 277 U.S. 189, 201-02, 48 S.Ct. 480, 482 (1928).  Restrictions derived from the separation of powers doctrine fathered the political question doctrine, which also refrains "the Judiciary from inappropriate interference on the business of the other branches of Government." *United States v. Munoz-Flores*, 495, U.S. 385, 394, 110 S.Ct. 1964, 1970 (1990).

Here, the Kingdom argues that this Court, a court from the judicial branch of government, "is compelled by international law and U.S. constitutional law" to become an Article II court. [ECF No. 37, Page ID #409].  Article II to the United States Constitution vests the President with executive power, which obligates him "to take Care that the Laws be faithfully executed." *U.S. Const. Art. II, Sec. 3.* Included in the President's executive power is the formation of Article II courts, which are tribunals of very limited applicability and jurisdiction.  These courts were generally the product of military occupation, created without Congressional action, and not part of the judicial branch of the federal government. *Mechanics' & Traders' Bank v. Union Back of La.*, 89 U.S. 276, 297 (1874).

Article III limits federal judicial power "to those disputes which confine federal courts to a role consistent with a system of separated powers and which are traditionally thought to be capable of resolution through the judicial process."

*Flast v. Cohen*, 392 U.S. 83, 97, 88 S.Ct. 1942, 1951 (1967).  Article III "standing is built on a single basic idea – the idea of separation of powers. *Allen v. Wright*, 468 737, 752 104 S.Ct. 3315, 3325 (1984).  "When the federal judicial power is invoked to pass upon the validity of actions by the Legislative and Executive Branches of the Government, the rule against advisory opinions implements the separation of powers prescribed by the Constitution and confines federal courts to the role assigned them by Article III." *Id*. at 96, 88 S.Ct. at 1950.

Clearly, the Kingdom's transformation request cannot be granted by this Court because it would violate the separation of powers doctrine.

## III.   <u>CONCLUSION</u>

The Kingdom comes to this Court essentially asking it to remove one of the stars from Old Glory.  The answer to that question is obvious and this Court should rule accordingly.

DATED:     Līhuʻe, Kauaʻi, Hawaiʻi, July 28, 2021.

MATTHEW M. BRACKEN
County Attorney

_____/s/ Mark L. Bradbury_____
MARK L. BRADBURY
Deputy County Attorney

Attorneys for Defendants
DEREK KAWAKAMI, ARRYL
KANESHIRO, and COUNTY OF
KAUAʻI