CLAY CHAPMAN IWAMURA PULICE & NERVELL

SCOTT I. BATTERMAN     5017
Topa Financial Center
700 Bishop Street, Suite 2100
Honolulu, Hawaii 96813
Telephone: (808) 535-8400
Facsimile: (808) 535-8444
E-mail: sib@paclawteam.com

Specially Appearing[1] Counsel for
ANDERS G.O. NERVELL

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAIIAN KINGDOM [*sic*], <br><br>　　　　Plaintiff, <br><br>　　vs. <br><br>JOSEPH ROBINETTE BIDEN JR., in his official capacity as President of the United States, et al. <br><br>　　　　Defendants. | Civil No. 1:21-cv-00243-LEK-RT <br><br> MOTION TO DISMISS AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AS TO ANDERS G.O. NERVELL |

MOTION TO DISMISS AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF AS TO ANDERS G.O. NERVELL

COMES NOW Hon. ANDERS G.O. NERVELL ("MR. NERVELL"), in his capacity as Honorary Consul of Sweden in Honolulu for the district consisting of the

---

[1] Counsel is entering a Special Appearance in part because, while personal service of process on MR. NERVELL was attempted, it was not properly accomplished through service on the Foreign Ministry in Stockholm, Sweden, as required by Vienna Convention on Diplomatic Relations, Apr. 18, 1961, 23 U.S.T. 3227, 500 U.N.T.S. 95.  See also 28 U.S.C. § 1608 and cases interpreting it.  We reserve all rights with respect to this defense.

(CERTIFICATE OF SERVICE ATTACHED)

State of Hawaii, by and through his above-named Specially Appearing counsel, Clay Chapman Iwamura Pulice & Nervell, and moves this Court for an Order dismissing the Amended Complaint, DKT No. 55, filed herein as against MR. NERVELL on the grounds that he has immunity from jurisdiction and personal inviolability in respect of official capacity, which is the only capacity in which he has been named in this proceeding.

This motion is based on Rules 12(b)(2) of the Federal Rules of Civil Procedure, and is based on the following facts and authorities:

MR. NERVELL is named in the caption of the Amended Complaint "in his official capacity as Sweden's Honorary Consul to Hawaii." The only relief which appears to be sought as to MR. NERVELL is to "Enjoin [MR. NERVELL] from serving as [a] foreign consulate[]." DKT No. 55, page 98.

Irrespective of whether the Kingdom of Hawaii exists, and accordingly whether there is any actual plaintiff before this Court[2], under the Vienna Convention

---

[2] State v. French, 77 Haw. 222, 228, 883 P.2d 644, 650 (Ct. App. 1994) "[T]here is no factual (or legal) basis for concluding that the Hawaiian Kingdom exists as a state in accordance with recognized attributes of a state's sovereign nature." (internal quotation marks, brackets, and citation omitted); United States v. Lorenzo, 995 F.2d 1448, 1456 (9th Cir. 1993)( "The appellants have presented no evidence that the Sovereign Kingdom of Hawaii is currently recognized by the federal government"); Megeso-William-Alan v. Ige, No. 21-00011 SOM-RT, 2021 U.S. Dist. LEXIS 91037, at *33 n.18 (D. Haw. May 12, 2021); Waikiki v. Trump, No. 20-00308 JAO-RT, 2020 U.S. Dist. LEXIS 133798, at *4-5 (D. Haw. July 28, 2020); Penaflor v. United States, No. 18-00458 JAO-KJM, 2018 U.S. Dist. LEXIS 207382, at *4-5 (D. Haw. Dec. 7, 2018).

on Consular Relations, Apr. 24, 1963, 21 U.S.T. 78, T.I.A.S. No. 6820 (hereinafter "Consular Convention"), this Court lacks jurisdiction over Mr. Nervell, as the pleading asserts claims related exclusively to his role as Honorary Consul.

Article 71(1) of the Consular Convention provides, in relevant part:

> 1. Except insofar as additional facilities, privileges and immunities may be granted by the receiving State, consular officers who are nationals of or permanently resident in the receiving State shall enjoy only **immunity from jurisdiction and personal inviolability in respect of official acts performed in the exercise of their functions**, and the privileges provided in paragraph 3 of article 44. . . . [Emphasis added]>So far as these consular officers are concerned, the receiving State shall likewise be bound by the obligation laid down in article 42. If criminal proceedings are instituted against such a consular officer, the proceedings shall, except when he is under arrest or detention, be conducted in a manner which will hamper the exercise of consular functions as little as possible.

See also Foxgord v. Hischemoeller, 820 F.2d 1030, 1033 (9th Cir. 1987)(emphasis added):

> Honorary consuls who are nationals or permanent residents of the receiving state, such as Hischemoeller, possess very few privileges and immunities. See Consular Convention, supra, art. 71(1); Lee, supra, at 163. For example, **they enjoy . . . "immunity from jurisdiction and personal inviolability in respect of official acts performed in the exercise of their functions. . . ." Consular Convention, supra, art. 71(1).**

Accordingly, the Amended Complaint herein should be dismissed with prejudice as against Mr. Nervell, as this Court lacks jurisdiction over his person with respect to any claim asserted therein.

<u>Hawaii District Local Rule 7.8 Compliance</u>

This motion is made following a telephone conference of counsel pursuant to LR 7.8 which took place on September 10, 2021. In making this statement, we take no position on whether the local rule is applicable to a person with Consular immunity.

DATED: Honolulu, Hawaii, September 21, 2021

/s/ Scott I. Batterman
SCOTT I. BATTERMAN
Specially Appearing Attorney for
ANDERS G.O. NERVELL