IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAIIAN KINGDOM, | CIV. NO. 21-00243 LEK-RT |
| Plaintiff, | |
| vs. | ORDER DENYING APPLICANT KALEINANI VIRGINIA DAVIS KINIMAKA'S MOTION TO INTERVENE AS OF RIGHT |
| JOSEPH ROBINETTE BIDENJR., IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE UNITED STATES, ET AL., | |
| Defendants. | |

**ORDER DENYING APPLICANT KALEINANI VIRGINIA DAVIS KINIMAKA'S MOTION TO INTERVENE AS OF RIGHT**

On August 24, 2021, prospective intervenor Kaleinani Virginia Davis Kinimaka ("Applicant") filed a Motion to Intervene as of Right ("Motion" or "Motion to Intervene"). ECF No. 57. The Court finds the Motion suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii. After careful consideration of the Motion, supporting memorandum, and applicable law, the Court DENIES the Motion.

## BACKGROUND

On August 11, 2021, Plaintiff Hawaiian Kingdom ("Plaintiff") filed an Amended Complaint for Declaratory and Injunctive Relief ("Amended Complaint"). ECF No. 55. The Amended Complaint alleges, among other things, that the Hawaiian Kingdom was illegally overthrown and has existed as an independent sovereign State since the nineteenth century. The Amended Complaint alleges four causes of action, which are generally summarized here:

**Count I** (Supremacy Clause): "Defendant TY NOHARA has violated the *Supremacy Clause*, the 1907 Hague Regulations, and the 1949 Fourth Geneva Convention." ECF No. 55 at PageID #: 617.

**Count II** (Usurpation of Sovereignty): "Defendants JOSEPH ROBINETTE BIDEN JR., KAMALA HARRIS, ADMIRAL JOHN AQUILINO, CHARLES P. RETTIG, CHARLES E. SCHUMER, NANCY PELOSI, DAVID YUTAKE IGE, ISAAC W. CHOY, RON KOUCHI, and SCOTT SAIKI have exceeded their statutory authority, engaged in violating the 1907 Hague Regulations, the 1907 Hague Convention, V, and the 1949 Fourth Geneva Convention, and has failed to comply with international humanitarian law by administering the laws of the HAWAIIAN KINGDOM, which include the 1864 constitution, statutes, common law, case law, and administrative law." Id. at PageID #: 618-619. "Defendants have violated the substantive requirements of international humanitarian law. Defendants' violations inflict ongoing harm upon residents of the Hawaiian Islands, to include resident aliens, and the sovereign interests of the HAWAIIAN KINGDOM." Id. at PageID #: 619.

**Count III** (Pillaging and Destruction of Property): "The unlawful presence, maintenance of military installations and exercise of military forces headed by Defendant ADMIRAL JOHN AQUILINO in the HAWAIIAN KINGDOM has resulted in undisputed, extensive and irreparable destruction of lands and natural resources within the territory of the HAWAIIAN KINGDOM in violation of international

humanitarian law, which includes the 1907 Hague Regulations, and the 1949 Fourth Geneva Convention and Hawaiian Kingdom law." Id. at PageID #: 620. "Defendants CHARLES P. RETTIG and ISAAC W. CHOY have violated international humanitarian law, which includes the 1907 Hague Regulations, the 1949 Fourth Geneva Convention, and Hawaiian Kingdom law. Defendants' violation inflict ongoing harm upon the residents of the Hawaiian Islands, to include resident aliens, and the sovereign interests of the HAWAIIAN KINGDOM" . . . "by implementing Defendant United States of America tax laws[.]" Id. at PageID #: 622.

**Count V**[1] (Exequaturs): "Defendants, JANE HARDY, JOHANN URSCHITZ, M. JAN RUMI, JEFFREY DANIEL LAU, ERIC G. CRISPIN, GLADYS VERNOY, JOSEF SMYCEK, BENNY MADSEN, KATJA SILVERAA, GUILLAUME MAMAN, DENIS SALLE, KATALIN CSISZAR, SHEILA WATUMULL, MICHELE CARBONE, YUTAKA AOKI, JEAN-CLAUDE DRUI, ANDREW M. KLUGER, HENK ROGERS, KEVIN BURNETT, NINA HAMRE FASI, JOSELITO A. JIMENO, BOZENA ANNA JARNOT, TYLER DOS SANTOS-TAM, R.J. ZLATOPER, HONG, SEOK-IN, JOHN HENRY FELIX, BEDE DHAMMIKA COORAY, ANDERS G.O. NERVELL, THERES RYF DESAI, and COLIN T. MIYABARA, who preside over foreign Consulates in the territory of the HAWAIIAN KINGDOM, have violated international humanitarian law" which "provides for the United States, as the occupying State, to ensure that foreign consulates within the territory of the HAWAIIAN KINGDOM are following HAWAIIAN KINGDOM law and not the laws of the DEFENDANT UNITED STATES OF AMERICA." Id. at PageID #: 623. The international humanitarian laws include: "the 1907 Hague Regulations, the 1949 Fourth Geneva Convention, the 1851 Hawaiian-British Treaty, the 1875 Hawaiian-Austro/Hungarian Treaty, the 1862 Hawaiian-Belgian Treaty, the 1846 Hawaiian-Danish Treaty, the 1857 Hawaiian-French Treaty, the 1879 Hawaiian-German Treaty, 1863 Hawaiian-Italian Treaty, the 1871 Hawaiian-Japanese Treaty, the 1862 Hawaiian-Dutch Treaty, the 1852 Hawaiian-Norwegian/Swedish Treaty, the 1882 Hawaiian-Portuguese Treaty, the 1863 Hawaiian-Spanish Treaty, the 1864 Hawaiian-Swiss Treaty, and the principles of international law. Defendants have violated the sovereign interests of

---

[1] Plaintiff does not allege a Count IV. ECF No. 55 at PageID #: 619 & 622.

the HAWAIIAN KINGDOM and these acts of State constitute internationally wrongful acts." Id. at PageID #: 623-624.

The Plaintiff requests in its prayer for relief that the Court:

a. Declare that all laws of the Defendants UNITED STATES OF AMERICA and the STATE OF HAWAI'I and its Counties, to include the United States constitution, State of Hawai'i constitution, Federal and State of Hawai'i statutes, County ordinances, common law, case law, administrative law, and the maintenance of Defendant UNITED STATES OF AMERICA's military installations are unauthorized by, and contrary to, the 1907 Hague Regulations, the 1907 Hague Convention, V, the 1949 Fourth Geneva Convention, and Hawaiian Kingdom law;

b. Declare the Supremacy Clause prohibits the State of Hawai'i from "any curtailment or interference" of the United States of America's explicit recognition of the Council of Regency as the government of the HAWAIIAN KINGDOM, and that as the government of the HAWAIIAN KINGDOM, the Council of Regency has the authority to represent the Hawaiian Kingdom as a State at both the domestic and international level and is vested with the rights and power the government of an occupied State possesses pursuant to international humanitarian law.

c. Enjoin Defendants from implementing or enforcing all laws of the Defendants UNITED STATES OF AMERICA and the STATE OF HAWAI'I and its Counties, to include the United States constitution, State of Hawai'i constitution, Federal and State of Hawai'i statutes, County ordinances, common law, case law, administrative law, and the maintenance of Defendant UNITED STATES OF AMERICA's military installations across the territory of the HAWAIIAN KINGDOM, to include its territorial sea;

d. Enjoin Defendants who are or serve as agents of foreign diplomats from serving as foreign consulates within the territorial jurisdiction of the HAWAIIAN KINGDOM until they have presented their credentials to the HAWAIIAN KINGDOM Government and received exequaturs; and

e.  Award such additional relief as the interests of justice may require.

Id. at PageID #: 624-626.

## **DISCUSSION**

The Applicant seeks to intervene in this matter as of right under Rule 24(a)

of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").  Under this statute,

"[o]n timely motion, the court must permit anyone to intervene who:"

> claims an interest relating to the property or transaction that is the
> subject of the action, and is so situated that disposing of the action may
> as a practical matter impair or impede the movant's ability to protect its
> interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).  However, intervention as a matter or right is not

automatically achieved by simply submitting a statement declaring a right to

intervene under Fed. R. Civ. P. 24(a).  See Akina v. Hawaii, 835 F.3d 1003, 1011

(9th Cir. 2016) (a prospective intervenor must satisfy four requirements).  An

applicant seeking to intervene as of right must meet four requirements.  The

applicant must:

> (1)  timely move to intervene;
> (2)  demonstrate 'a significantly protectable interest relating to the
>      property or transaction that is the subject of the action';
> (3)  'be situated such that the disposition of the action may impair or
>      impede the party's ability to protect that interest'; and
> (4)  not be adequately represented by existing parties.

Akina, 835 F.3d at 1011 (citing Arakaki v. Cayetano, 324 F.3d 1078, 1083 (9th

Cir. 2003)) (internal quotations omitted).  "Each of these four requirements must

be satisfied to support a right to intervene." Arakaki, 324 F.3d at 1083 (citing

League of United Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1302 (9th Cir.

1997)).  The Applicant has the burden of establishing these elements.  Executive

Risk Indemnity, Inc. v. Pacific Educational Services, Inc., Civ. No. 05-00727

SOM-LEK, 2006 WL 8436193, *4 (D. Haw. Apr. 14, 2006) (citing Prete v.

Bradbury, 438 F.3d 949, 954 (9th Cir. 2006)).

In this case, the Applicant failed to meet the burden of establishing the four

requirements under Akina.  Akina, 835 F.3d at 1011.  First, the Applicant does not

address the issue of whether the Motion is timely.  Second, the Applicant does not

state what significant interest the Applicant seeks to protect.  Plaintiff Hawaiian

Kingdom alleges four different counts: (1) the violation of the "Supremacy

Clause[,]" (2) the "Usurpation of Sovereignty[,]" (3) the "Pillaging and

Destruction of Property[,]" and (4) a violation of "Exequaturs[.]"  At first blush, it

appears that the Applicant's interest may be aligned with the Plaintiff Hawaiian

Kingdom's interest, but in the Motion to Intervene, the Applicant states:

"Plaintiff's claim is both unlawful and fraudulent . . . "

ECF No. 57 at PageID #: 699.

"To be clear, every existing party's claim, Plaintiffs [sic] expressly
included, in this matter, is at least hostile to mine . . . "

Id. at PageID #: 702.

6

It appears that the Applicant opposes Plaintiff's claims, but it is unclear which claims and what protectable interest(s) the Applicant seeks to protect. Because it is not known what protectable interest(s) the Applicant seeks to protect, it is also unclear whether the Applicant has standing in this case and how the Applicant seeks to intervene (e.g., join the side of the plaintiff, defendant, or as adverse to both). [2]

Third, the Applicant does not explain how the disposition of this action may impair or impede the Applicant's ability to protect the Applicant's protectable interest(s). In support, the Applicant states, "[t]he question of whether protectable interests will be impaired by litigation must be put in practical terms rather than in legal terms." Akina, 835 F.3d at 1011.   However, the Applicant's argument is merely a restatement of Fed. R. Civ. P. 24(a)(2):

> " . . . I am so situated that continuing to dispose of this action will as a practical matter impair and impede my ability to protect my rights and interests . . . "

ECF No. 57 at PageID #: 697.

> "To be clear . . . continuing to dispose of these actions does as a practical matter impair and impede my responsible [sic] ability to protect my rights

---

[2] The Applicant statement that "every existing party's claim, Plaintiffs [sic] expressly included, in this matter, is at least hostile to mine . . . " may indicate that the Applicant seeks to join as an adversary to the parties in this case.  ECF No. 57 at PageID #: 702.  However, without information on what the Applicant perceives to be the Applicant's protectable interest, the Court cannot find that intervention is appropriate.

and interests because no existing party, Plaintiffs [sic] expressly included, adequately represents my rights and interests here."

Id. at PageID #: 702.  Restating portions of Fed. R. Civ. P. 24(a)(2) is not enough

to show how this case impairs or impedes the Applicant's protectable interest(s).

Accordingly, the Applicant has not met this requirement.

Fourth, the Applicant did not meet the last requirement to show that the

existing parties cannot adequately represent the Applicant's protectable interest(s).

The Applicant's arguments are again conclusory.  The Court must consider three

factors in determining the adequate representation:

(1)    whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments;

(2)    whether the present party is capable and willing to make such arguments; and

(3)    whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect.

Southwest Center for Biological Diversity v. Bert, 268 F.3d 810, 822-23 (9th Cir.

2001).  However, the Applicant again merely recites Fed. R. Civ. P. 24(a)(2)

without providing any specific information:  "I make this, my timely Motion . . .

because no existing party, Plaintiffs [sic] expressly included, adequately represents

my rights and interests here."  ECF No. 57 at PageID #: 702.  The Applicant has

failed to argue any of the three factors required to determine adequate

representation nor has the Applicant provided specific information or arguments

that would provide a basis for this Court to construe that this requirement has been

met.  Because the Applicant has not met any of the required elements, the Court

denies the Motion.

The Court is aware that in the Applicant's Motion, there is a discussion of

genocide (ECF No. 57 at PageID #: 695-696); text that appears to be written in the

Hawaiian language (Id. at PageID #: 699-700); and a list of publications (Id. at

PageID #: 700-702).  First, the Applicant fails to explain the relationship between

the discussion of genocide with the Applicant's arguments in favor of intervention.

Moreover, genocide is a criminal matter pursuant to 18 U.S.C. Chapter 50A.  A

civil complaint cannot state a criminal violation.  See Aldabe v. Aldabe, 616 F.2d

1089, 1092 (9th Cir. 1980).

Second, it is the Applicant's responsibility to ensure that the Court is

provided with all argument and legal authority in support of the Applicant's

request.[3]  In this case, the Applicant has not met the required burden because the

Applicant cites to various written works comprised of hundreds of pages of text

and state that all these written works support the Motion.  In addition, the Motion

and some of the texts cited are in what appears to be the Hawaiian language with

no interpretation provided.  The Applicant may cite specific language within these

---

[3] The Court notes that some of the website addresses do not work.  Under LR7.5,
"[i]f citation is made to an authority that is not easily available through Westlaw,
Lexis/Nexis, or a comparably accessible service, two (2) Mandatory Chambers
Copies (see LR10.3) of the authority shall be submitted to the court concurrently
with the document containing the citation."  The Court did not receive any copies.

written works and incorporate these citations into any arguments.  However, the

Applicant but may not cite to the entire publication and presume that the Court will

determine the Applicant's arguments.  Moreover, the Applicant may not presume

that the documents cited and language used will be translated into English by the

Court.  It is the Applicant's responsibility to take all steps to ensure that the Motion

being presented clearly states the Applicant's request and clearly states the legal

authority and argument in support of the request.  See LR16.1 ("self-represented

litigants shall proceed with diligence to take all steps necessary to bring an action

to readiness or trial.").

## **CONCLUSION**

In accordance with the foregoing, the Court DENIES prospective intervenor

Kaleinani Virginia Davis Kinimaka's Motion to Intervene as of Right (ECF No.

57) pursuant to Fed. R. Civ. P. Rule 24(a).

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 30, 2021.



Rom A. Trader
United States Magistrate Judge

Civ. No. 21-00243 LEK-RT; *Hawaiian Kingdom vs. Joseph Robinette Biden Jr., in His Official Capacity as President of the United States, et al.*; ORDER DENYING

APPLICANT KALEINANI VIRGINIA DAVIS  KINIMAKA'S MOTION TO INTERVENE AS OF RIGHT