FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
Sep 30, 2021
Michelle Rynne, Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAIIAN KINGDOM,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH ROBINETTE BIDEN JR., IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE UNITED STATES; ET AL.<br><br>Defendants. | CIV. NO. 21-00243 LEK-RT<br><br>ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED AMICUS CURIAE BRIEF |

### ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED AMICUS CURIAE BRIEF

Before the Court is a Motion for Leave to File Amended Amicus Curiae Brief on Behalf of Nongovernmental Organizations with Expertise in International Law and Human Rights Law ("Motion") (ECF No. 56) filed by counsel for amici curiae International Association for Democratic Lawyers, National Layers Guild, and the Water Protector Legal Collective on August 17, 2021.  Plaintiff Hawaiian Kingdom has not objected to the Motion.  The Court elects to decide the Motion without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii.

The Court, having carefully reviewed the Motion and attached brief, records and files in this case, and the applicable law, GRANTS the Motion.

## DISCUSSION

When determining whether to grant leave to file an amicus brief, courts consider whether the briefing "supplement[s] the efforts of counsel, and draw[s] the court's attention to law that escaped consideration." Miller-Wohl Co. v. Commissioner of Labor & Indus., 694 F.2d 203, 204 (9th Cir. 1982). The amicus may be either impartial or interested individuals, whose function is to advise or make suggestions to the court. See Funbus Sys., Inc. v. Cal. Pub. Utils. Comm'n, 801 F.2d 1120, 1125 (9th Cir. 1986); Miller-Wohl Co., 694 F.2d at 204. "The district court has broad discretion to appoint amici curiae." Hoptowit v. Ray, 682 F.2d 1237, 1260 (9th Cir. 1982), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).

In this case, the Court permits the filing of the proposed amended amicus brief. However, an amicus curiae is not a party to litigation." Miller-Wohl Co., 694 F.2d at 204 (citing Clark v. Sandusky, 205 F.2d 915, 917 (7th Cir. 1953)). As such, the amicus may not assume the functions of a party and may not initiate, create, extend, or enlarge the issues. See Miller-Wohl Co., 694 F.2d at 204. The amicus will be permitted to file its amended brief by no later than October 7, 2021, but is not permitted to make any additional filings unless granted leave to do so.

## **CONCLUSION**

The Court GRANTS the Motion for Leave to File Amended Amicus Curiae Brief on Behalf of Nongovernmental Organizations with Expertise in International Law and Human Rights Law (ECF No. 56).  However, the amicus may not make any additional filings without leave of court.

The proposed amended amicus brief may be filed **by no later than October 7, 2021**.  If the amici curiae fail to comply with this order, the Motion (ECF No. 56) will be denied.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 30, 2021.



Rom A. Trader
United States Magistrate Judge

Civ. No. 21-00243 LEK-RT; *Hawaiian Kingdom vs. Joseph Robinette Biden Jr., in His Official Capacity as President of the United States, et al.*; ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED AMICUS CURIAE BRIEF