BRIAN M. BOYNTON
  Acting Assistant Attorney General

ANTHONY J. COPPOLINO
  Deputy Branch Director

MICHAEL J. GERARDI
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW, No. 12212
Washington, D.C. 20005
Telephone: 202-616-0680
Facsimile: 202-616-8460
Email: michael.j.gerardi@usdoj.gov

*Attorneys for Federal Government Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAIIAN KINGDOM<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH ROBINETTE BIDEN JR., in his official capacity as President of the United States; et al.,<br><br>Defendants. | CIVIL NO. 1:21:cv-243-LEK-RT<br><br>FEDERAL GOVERNMENT DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR JUDICIAL NOTICE AND IN SUPPORT OF DEFENDANTS' CROSS-MOTION TO DISMISS THE FIRST AMENDED COMPLAINT |

**FEDERAL GOVERNMENT DEFENDANTS' MEMORANDUM
IN OPPOSITION TO PLAINTIFF'S MOTION FOR JUDICIAL
NOTICE AND IN SUPPORT OF DEFENDANTS' CROSS-MOTION
<u>TO DISMISS THE FIRST AMENDED COMPLAINT</u>**

## TABLE OF CONTENTS

BACKGROUND & PROCEDURAL HISTORY ....................................................2
STANDARD OF REVIEW ...................................................................................5
ARGUMENT ..........................................................................................................5
   I. THE COURT LACKS JURISDICTION OVER CLAIMS OF HAWAIIAN SOEREIGNTY................................................................................................ 5
   II. THE COURT LACKS JURISDICTION OVER POLITICAL QUESTIONS. ........................................................................................ 6
   III.   PLAINTIFF LACKS ARTICLE III STANDING. ................................... 8
   IV. DEFENDANTS WERE NOT TIMELY SERVED BY PLAINTIFF. ........ 10
   V.   PLAINTIFF LACKS A CAUSE OF ACTION TO SUE THE FEDERAL DEFENDANTS. ................................................................................ 11
   VI. THE CONGRESSIONAL DEFENDANTS MUST BE DISMISSED FOR ADDITIONAL REASONS. ................................................................ 11
   VII. PLAINTIFF'S MOTION FOR JUDICIAL NOTICE SHOULD BE DENIED. ........................................................................................ 13
   VIII. THE COURT SHOULD DISMISS THE COMPLAINT IN FULL........ 14
CONCLUSION.....................................................................................................15

## TABLE OF AUTHORITIES

## CASES

*Baker v. Carr*,
    369 U.S. 186 (1962) .................................................................................. 6

*Bolden v. City of Topeka*,
    441 F.3d 1129 (10th Cir. 2006) ............................................................... 10

*Carney v. Adams*,
    141 S. Ct. 493 (2020) ................................................................................ 8

*Cetacean Cmty. v. Bush*,
    386 F.3d 1169 (9th Cir. 2004) .................................................................. 5

*Elk Grove Unified Sch. Dist. v. Newdow*,
    542 U.S. 1 (2004) .................................................................................... 12

*Golden v. Zwickler*,
    394 U.S. 103 (1969) .................................................................................. 9

*Hawaiian Kingdom ex rel. Lewis v. U.S.*,
    633 F. App'x 392 (9th Cir. 2016) .............................................................. 6

*Hollingsworth v. Perry*,
    570 U.S. 693 (2013) .................................................................................. 8

*Juliana v. United States*,
    947 F.3d 1159 (9th Cir. 2020) .................................................................. 9

*Kupihea v. United States*,
    2009 WL 2025316 (D. Haw. July 10, 2009) ............................................. 6

*Liberation News Serv. v. Eastland*,
    426 F.2d 1379 (2d Cir. 1970) ................................................................. 12

*Lujan v. Defenders of Wildlife*,
    504 U.S. 560 (1992) .............................................................................. 8, 9

*Marsh v. Ct. of Immigration Rev.*,
    2002 WL 92881 (9th Cir. Jan. 14, 2002) .................................................. 6

*Moniz v. Hawaii*,
    2013 WL 2897788 (D. Haw. June 13, 2013) ....................................................... 6

*Newdow v. U.S. Congress*,
    328 F.3d 466 (9th Cir. 2002) .......................................................................... 12

*Northstar Fin. Advisors, Inc. v. Schwab Invs.*,
    615 F.3d 1106 (9th Cir. 2010) ........................................................................ 11

*Oneida Indian Nation v. County of Oneida*,
    414 U.S. 661 (1974) ......................................................................................... 5

*S. Ct. of Va. v. Consumers Union of U.S., Inc.*,
    446 U.S. 719 & n.10 (1980) ........................................................................... 12

*Sai v. Clinton*,
    778 F. Supp. 2d 1 (D.D.C. 2011) ...................................................................... 7

*Sai v. Trump*,
    325 F. Supp. 3d 68 (D.D.C. 2018) .............................................................. 7, 11

*Southcentral Found. v. Alaska Native Tribal Health Consortium*,
    975 F.3d 831 (9th Cir. 2020) ............................................................................ 8

*Spokeo, Inc. v. Robins*,
    136 S. Ct. 1540 (2016) ..................................................................................... 8

*Hawaiian Kingdom v. United States,*
    Civ. No. 11-00657 JMS-KSC, 2013 WL 12184696 ......................................... 2

*Tijerino v. Stetson Desert Project, LLC*,
    934 F.3d 968 (9th Cir. 2019) ............................................................................ 5

*United States v. Jim*,
    2000 WL 60084 (D. Haw. Jan. 21, 2000) ......................................................... 6

*United States v. Lorenzo*,
    995 F.2d 1448 (9th Cir. 1993) .......................................................................... 6

*United States v. Ventura-Oliver*,
    2013 WL 12205842 (D. Haw. Sept. 30, 2013) ................................................. 6

*Villarreal v. Eldorando Resorts Corp.*,

  2015 WL 2097009 (D. Nev. 2015) .................................................................... 10

*Wade v. Akaka*,
  2012 WL 6115656 (S.D. Tex. Nov. 2, 2012), *adopted by* 2012 WL 6115056
  (S.D. Tex. Dec. 10, 2012) ............................................................................... 12

## OTHER AUTHORITIES

*Larsen v. Hawaiian Kingdom*,
  PCA Case No. 1999-01, Arbitral Award (Feb. 5, 2001) ............................... 3, 13
Fed. R. Civ. P. 4 ................................................................................................... 10
Fed. R. Civ. P. 12 ............................................................................................ *passim*
Fed. R. Civ. P. 44.1 ................................................................................................ 2
Fed. R. Evid. 201 ..................................................................................................13
U.S Const. art. I, § 6, cl. 1 ................................................................................... 12

# INTRODUCTION

Plaintiff Hawaiian Kingdom avers that it is the legitimate sovereign government of the Hawaiian Islands, and that its Council of Regency has the authority to act on behalf of all Hawaiian subjects and resident aliens on the islands. First Amended Compl., ECF No. 55, at ¶¶ 1–2. It believes that Hawaii is "not within the territory of" the United States, *id.* ¶ 3, and that this Court is not an Article III court, but an "Article II Court" located on foreign soil, *id.* ¶¶ 4–5. As such, Plaintiff's first amended complaint asserts this Court has jurisdiction to hear Plaintiff's various claims of violations of "international humanitarian law" by the federal government ("Defendants"),[1] as well as state, local, and consular officials, and authority to award declaratory and injunctive that would recognize the Hawaiian Kingdom's sovereignty and nullify the authority of the United States over Hawaii. *Id.* ¶¶ 6–7; *see also id.* at pgs. 96–97 (prayer for relief). Plaintiff seeks to support its assertions about sovereignty with a legal opinion authored by an Italian scholar, Federico Lenzerini, which Plaintiff has moved the Court to

---

[1] United States Of America; Joseph Robinette Biden Jr., President Of The United States; Kamala Harris, Vice-President Of The United States; Admiral John Aquilino, Commander, U.S. Indo-Pacific Command; Charles P. Rettig, Commissioner Of The Internal Revenue Service; Charles E. Schumer, U.S. Senate Majority Leader; Nancy Pelosi, Speaker Of The United States House Of Representatives.

judicially notice per Civil Rule 44.1. ECF No. 174.

Plaintiff's claims and assertions lack merit. The United States annexed Hawaii in 1898, and Hawaii entered the union as a state in 1959. Hawaii Admission Act, Pub. L. 86-4, 73 Stat. 4 (1959). This Court, the Ninth Circuit, and the courts of the state of Hawaii have repeatedly "rejected arguments asserting Hawaiian sovereignty" distinct from its identity as a part of the United States. *Hawaiian Kingdom v. United States*, Civ. No. 11-00657 JMS-KSC, 2013 WL 12184696, at *2 (D. Hi. Nov. 15, 2013) (collecting cases), *aff'd*, *Hawaiian Kingdom v. United States*, 633 F. App'x 392 (9th Cir. 2016). Plaintiff's claims are subject to dismissal on numerous grounds, but principally because this Court lacks jurisdiction to entertain claims premised on Plaintiff's challenge to the sovereignty of the United States.

Accordingly, the Court should deny Plaintiff's motion for judicial notice, grant Defendant's Civil Rule 12(b) motion, and dismiss this case as to all Defendants due to the jurisdictional shortcomings of Plaintiff's complaint.

## BACKGROUND & PROCEDURAL HISTORY

Plaintiff initially filed suit against the federal Defendants, as well as state and local government officials throughout the state of Hawaii and consular officials from thirty countries based in Hawaii, on May 20, 2021. ECF No. 1. It

filed an amended complaint on August 11, 2021, currently the operative complaint in this case. ECF No. 55. The amended complaint contains a lengthy exposition of Plaintiff's view that the United States and Plaintiff have been at war since 1893 and that Plaintiff was unlawfully overthrown as the legitimate government of Hawaii. Am. Compl. ¶¶ 57–75. As a result, Plaintiff maintains that its laws govern Hawaii, not those of the United States and the State of Hawaii. *Id.* ¶ 76.

Relying on Professor Lenzerini's opinion, Plaintiff characterizes itself as a "State under military occupation . . . vested with the rights and powers recognized to governments of occupied States pursuant to international humanitarian law." *Id.* ¶ 89. Central to Professor Lenzerini's opinion is an arbitration between an individual, Lance Larsen, and the Plaintiff before the Permanent Court of Arbitration ("PCA") at the Hague, which Plaintiff and Professor Lenzerini believe is a tacit acknowledgement of Plaintiff's status as a sovereign entity. *Id.* ¶¶ 93–102. However, the final arbitral award from the PCA in this dispute, issued on February 5, 2001, explicitly stated that, "in the absence of the United States of America [as a party], the Tribunal can neither decide that Hawaii is not part of the USA, nor proceed on the assumption that it is not." *Larsen v. Hawaiian Kingdom*, PCA Case No. 1999-01, Arbitral Award § 12.18 (Feb. 5, 2001) (Exhibit A).

Plaintiff's amended complaint contains four counts:

3

- Count I (Supremacy Clause), directed at the State of Hawaii, which Plaintiff accuses of unlawfully interfering in its attempts to establish foreign relations with the United States. Am. Compl. ¶¶ 149–154.

- Count II (Usurpation of Sovereignty), directed at the federal Defendants, alleges violations of the Hague Convention and the Geneva Convention arising from the federal government's exercise of sovereignty over Hawaii. Am. Compl. ¶¶ 155–59.

- Count III (Pillaging and Destruction of Property), directed at the federal Defendants, alleges that the presence of the United States military and the Internal Revenue Service in Hawaii violates the Hague Convention and the Geneva Convention. Am. Compl. ¶¶ 160–69.

- Count V (Exequaturs)[2], directed at both the federal Defendants and the consular defendants, alleges that officials have improperly usurped the Hawaiian Kingdom's role to recognize foreign consulates. Am. Compl. ¶¶ 170–74.

Plaintiff served the U.S. Attorney's Office for the District of Hawaii on November 3, 2021, more than five months after service of the original complaint. On November 5, the United States submitted a Statement of Interest setting forth its views on the immunity of the thirty consular officers named as defendants in the complaint. ECF No. 164. The Statement of Interest included a certification of consular status for these officials, which conclusively establishes those officials are immune from suit in the courts of the United States for performance of their consular functions. ECF No. 164-1.

---

[2] There is no Count IV in the Amended Complaint.

**STANDARD OF REVIEW**

A suit brought by a plaintiff without jurisdiction or Article III standing, as is the case here, should be dismissed under Civil Rule 12(b)(1). *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). If the Court determines that jurisdiction exists, then, as explained below, the Court should dismiss Plaintiff's claims, as appropriate, under Civil Rule 12(b)(2) (for lack of personal jurisdiction as to the Congressional defendants), 12(b)(5) (insufficient service of process), and 12(b)(6) (failure to state a claim upon which relief can be granted).

**ARGUMENT**

**I. THE COURT LACKS JURISDICTION OVER CLAIMS OF HAWAIIAN SOVEREIGNTY.**

Federal courts lack subject matter jurisdiction when a claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court, whatever may be the ultimate resolution of the federal issues on the merits." *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666 (1974); *see also Tijerino v. Stetson Desert Project, LLC*, 934 F.3d 968, 975 (9th Cir. 2019). Plaintiff's claims meet this threshold. Multiple federal courts have held that arguments of "Hawaiian sovereignty" like those raised by Plaintiff

5

here are not colorable.[3] As such, the Court lacks jurisdiction over this case and should dismiss the complaint in full under Civil Rule 12(b)(1).

## II. THE COURT LACKS JURISDICTION OVER POLITICAL QUESTIONS.

Plaintiff's amended complaint is also subject to dismissal because it hinges on a political question that the Court lacks jurisdiction to answer. *Baker v. Carr*, 369 U.S. 186, 271 (1962). The question of "[w]ho is the sovereign, *de jure* or *de facto*, of a territory, is not a judicial, but a political, question, the determination of which by the legislative and executive departments of any government

---

[3] *Hawaiian Kingdom ex rel. Lewis v. U.S.*, 633 F. App'x 392 (9th Cir. 2016) (summarily affirming suit rejecting Hawaiian Kingdom's claims of sovereignty), *affirming* 2013 WL 12184696 (D. Haw. Nov. 15, 2013) ("The Ninth Circuit, this court, and Hawaii state courts have rejected arguments asserting Hawaiian sovereignty"); *Marsh v. Ct. of Immigration Rev.*, 2002 WL 92881, at *1 (9th Cir. Jan. 14, 2002) (Hawaiian sovereignty claims were "frivolous"); *United States v. Lorenzo*, 995 F.2d 1448, 1456 (9th Cir. 1993) (rejecting claim that defendants were citizens of the Sovereign Kingdom of Hawaii); *United States v. Ventura-Oliver*, 2013 WL 12205842, at *2 (D. Haw. Sept. 30, 2013) (same, stating "[t]o state the obvious, Hawaii is a state of the United States"), *reconsideration denied*, 2013 WL 12212932, at *1 (D. Haw. Oct. 10, 2013); *Moniz v. Hawaii*, 2013 WL 2897788, at *2 (D. Haw. June 13, 2013) (rejecting Hawaiian sovereignty claims as "frivolous," stating "the Ninth Circuit, this district court, and Hawai'i state courts have all held that the laws of the United States and the State of Hawai'i apply to all individuals in this State"); *Kupihea v. United States*, 2009 WL 2025316, at *2 (D. Haw. July 10, 2009) (dismissing claim that plaintiff is not subject to U.S. laws because he is a member of the Kingdom of Hawaii); *United States v. Jim*, 2000 WL 60084, at *1 (D. Haw. Jan. 21, 2000) ("The federal government does not recognize any sovereign 'Kingdom of Hawaii.'").

conclusively binds the judges, as well as all other officers, citizens, and subjects of that government." *Sai v. Clinton*, 778 F. Supp. 2d 1, 6 (D.D.C. 2011) (quoting *Jones v. United States*, 137 U.S. 202, 212 (1890)).

In *Sai*, the U.S. District Court for the District of Columbia rejected a suit filed by one of the members of Plaintiff's Council of Regency against federal government defendants on political question grounds. The court held that it lacked jurisdiction over Plaintiff's lawsuit because it "challenge[d] the United States's recognition of the Republic of Hawaii as a sovereign entity and the United States's exercise of authority over Hawaii following annexation," concluding it was "a political question that this Court cannot decide." *Id.* at 6–7; *see also Sai v. Trump*, 325 F. Supp. 3d 68, 72 (D.D.C. 2018) (agreeing with *Sai v. Clinton* that claims of Hawaiian sovereignty raise political questions).

The same result is appropriate here. The premise underlying all of Plaintiff's claims is that Defendants have failed to recognize Plaintiff as the true sovereign government of Hawaii. That is an axiomatic political question. The Court has no authority to answer such a question, regardless of the evidence Plaintiff proffers to support it (such as Mr. Lenzerini's legal opinion). As such, the amended complaint must be dismissed under Civil Rule 12(b)(1).

7

### III.　PLAINTIFF LACKS ARTICLE III STANDING.

"Standing is 'an essential and unchanging part of the case-or-controversy requirement of Article III.'" *Southcentral Found. v. Alaska Native Tribal Health Consortium*, 975 F.3d 831, 837 (9th Cir. 2020) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). A plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision" to have standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016); *accord Carney v. Adams*, 141 S. Ct. 493, 498 (2020). Plaintiff cannot carry its burden of showing standing for two principal reasons. *Lujan*, 504 U.S. at 561.

First, Plaintiff has failed to allege an appropriate injury in fact. The Supreme Court has "repeatedly held that . . . a 'generalized grievance'" about the conduct of others, "no matter how sincere, is insufficient to confer standing." *Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013). Plaintiff's assertion that the United States is illegitimately exercising sovereignty over Hawaii is the sort of "generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large," and that sort of grievance "does not state an Article III case or controversy." *Id.*

8

(quoting *Lujan*, 504 U.S. at 573–74).

Second, even if Plaintiff did have a cognizable injury-in-fact traceable to Defendants' conduct, this Court cannot redress the injury. Plaintiff seeks to enjoin "Defendants from implementing and enforcing all" federal, state, and local law. [ECF No. 55, Am. Compl., Prayer for Relief, at C]. That is not relief the Court could feasibly award, supervise, or enforce. *Juliana v. United States*, 947 F.3d 1159, 1170 (9th Cir. 2020) (concluding no Article III standing to redress plaintiff's claimed injuries because "it is beyond the power of an Article III court to order, design, supervise, or implement the plaintiffs' requested remedial plan" to combat climate change). At best, Plaintiff could obtain the "psychic satisfaction" of having the Court validate its theories about sovereignty through a declaratory judgment, but that alone "does not redress a cognizable Article III injury." *Id.* at 1170 (9th Cir. 2020) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998)); *see also Golden v. Zwickler*, 394 U.S. 103, 108 (1969) ("'[T]he federal courts established pursuant to Article III of the Constitution do not render advisory opinions. For adjudication of constitutional issues 'concrete legal issues, presented in actual cases, not abstractions' are requisite. This is as true of declaratory judgments as any other field.'") (quoting *United Public Workers of American (C.I.O.) v. Mitchell*, 330 U.S. 75, 89 (1947)). As such, the complaint must be

9

dismissed under Civil Rule 12(b)(1) for lack of standing.

## IV. DEFENDANTS WERE NOT TIMELY SERVED BY PLAINTIFF.

Civil Rule 4 requires service of defendants "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). For the federal government, that includes compliance with Civil Rule 4(i)(1)–(3), which requires service on the local US Attorney's Office, the Attorney General, and the relevant federal agencies, corporations, officers, or employees named in the complaint. If service is not completed in a timely manner, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order service be made within a specified time." *Id.* Timely service is measured from the date of the original complaint, not any amended complaint. *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 705 (7th Cir. 1987)); *see, e.g., Villarreal v. Eldorando Resorts Corp.*, 2015 WL 2097009, *2 (D. Nev. 2015) ("[T]he filing of this amended complaint does not reset the 4(m) deadline for any of the already named defendants in the original complaint.").

Plaintiff has not properly served the federal Defendants. The U.S. Attorney's Office for the District of Hawaii, as well as other federal officials, were not properly served until well after ninety days passed from the filing of the original

complaint in May. Plaintiff has not shown good cause for this failure, nor is there any sound reason for the Court to excuse Plaintiff's failure to provide timely service. As such, the complaint is subject to dismissal under Civil Rule 12(b)(5).

## V. PLAINTIFF LACKS A CAUSE OF ACTION TO SUE THE FEDERAL DEFENDANTS.

Plaintiff's complaint also fails to state a claim upon which relief could be granted because the provisions of international law it sues under do not give rise to a cause of action. In *Sai v. Trump*, the Court held that neither the Geneva Convention nor the Hague Convention afforded a private right of action to groups seeking to enforce its terms in federal court, except under limited circumstances not applicable here. 325 F. Supp. 3d at 72. Likewise, Plaintiff identifies no authority that would permit it to sue the federal government under any of the sources of law it relies upon. As such, the Court must dismiss the claims against the Defendants under Civil Rule 12(b)(6). *Northstar Fin. Advisors, Inc. v. Schwab Invs.*, 615 F.3d 1106, 1115 (9th Cir. 2010).

## VI. THE CONGRESSIONAL DEFENDANTS MUST BE DISMISSED FOR ADDITIONAL REASONS.

With respect to Defendants Schumer and Pelosi, the Court must dismiss the complaint on two additional grounds that apply to them as legislators. First, neither Speaker Pelosi nor Senator Schumer has taken any actions pertinent to this case,

11

and their official capacity does not subject them to this lawsuit merely because the State of Hawaii joined the United States upon Congressional enactment of public law in 1959. Indeed, prior Congressional action under which Hawaii joined the union would not be subject to challenge in any event, as legislators are immune from suit over any actions or failures to act taken in their legislative capacity under the Speech and Debate Clause of the U.S. Constitution. U.S Const. art. I, § 6, cl. 1; *see S. Ct. of Va. v. Consumers Union of U.S., Inc.*, 446 U.S. 719, 732 & n.10 (1980) (Speech or Debate immunity precludes actions for damages and for declaratory and injunctive relief against members of Congress); *Newdow v. U.S. Congress*, 328 F.3d 466, 484 (9th Cir. 2002) (dismissing, on Speech or Debate grounds, Congress from constitutional challenge to statute), *rev'd on other grounds sub nom. Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1 (2004).

Second, this Court lacks personal jurisdiction over Senator Schumer, a citizen of New York, and Speaker Pelosi, a citizen of California, because both lack sufficient minimum contacts with the State of Hawaii respecting the subject matter of the complaint. *See Liberation News Serv. v. Eastland*, 426 F.2d 1379, 1384-85 (2d Cir. 1970) (affirming dismissal of suit against United States Senators for lack of personal jurisdiction); *Wade v. Akaka*, 2012 WL 6115656, at *4 (S.D. Tex. Nov. 2, 2012) (recommending dismissal for lack of personal jurisdiction of complaint

12

alleging that Senators not elected from forum state failed to take official action in response to plaintiff's request), *adopted by* 2012 WL 6115056 (S.D. Tex. Dec. 10, 2012).

The Court should therefore dismiss Defendants Schumer and Pelosi from the case pursuant to Civil Rule 12(b)(1) (no subject-matter jurisdiction due to Speech or Debate immunity) and 12(b)(2) (no personal jurisdiction).

## VII. PLAINTIFF'S MOTION FOR JUDICIAL NOTICE SHOULD BE DENIED.

In light of the absence of jurisdiction over this dispute, the Court should deny Plaintiff's motion for judicial notice as moot. Should the Court choose to reach the merits of the motion, Professor Lenzerini's opinion is in direct conflict with both federal law, which recognizes the sovereignty of the United States over Hawaii, and with the arbitral award in *Larsen*, which explicitly rejects any implication that Hawaii is not a part of the United States. Exhibit A at § 12.18. Because Prof. Lenzerini's opinion is in error on the legal question it purports to answer, as the numerous decisions of this Court and others rejecting Plaintiff's claims of sovereignty demonstrate, the Court should deny Plaintiff's motion. *Cf.* Fed. R. Evid. 201(b) (a court may take judicial notice "of a fact that is not reasonably subject to dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from

13

sources whose accuracy cannot reasonably be questioned.").

## VIII. THE COURT SHOULD DISMISS THE COMPLAINT IN FULL.

Finally, Defendants urge the Court to dismiss the complaint as to all defendants. As articulated in Defendants' Statement of Interest, ECF No. 164, the principal interest of the federal government in this suit is the protection of foreign consular officials from suit in federal court for the performance of consular functions, which is a fundamental principle of diplomacy and foreign policy. This Court's jurisdiction over such officials would be in conflict with the United States' obligations under the Vienna Convention on Consular Relations (VCCR), to which the United States and the foreign states represented by the named consular officers are parties, as well as bilateral agreements between the United States and some of the sending states of the consular defendants. 4 VCCR, Apr. 24, 1963, 21 U.S.T. 77; ECF No. 164 at 9–15.

This Court may, with or without a motion, dismiss a complaint over which it has no jurisdiction. Fed. R. Civ. P. 12(h)(3). The Court should exercise its authority to dismiss the entire complaint here on one of the jurisdictional grounds noted above, which would also vindicate the interest of the United States in protecting consular officials from civil lawsuits arising from their official conduct.

## CONCLUSION

For these reasons, the Court should grant Defendants' motion, deny Plaintiff's motion for judicial notice, and dismiss this case in full.

DATED: January 14, 2022          Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

ANTHONY J. COPPOLINO
Deputy Branch Director

/s/ *Michael J. Gerardi*
MICHAEL J. GERARDI
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
DC Bar No. 1017949
1100 L Street NW
Washington, D.C. 20005
Telephone: 202-616-0680
Facsimile: 202-616-8460
Email: michael.j.gerardi@usdoj.gov

*Attorneys for the Federal Government Defendants*