UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| HAWAIIAN KINGDOM,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>JOSEPH ROBINETTE BIDEN, JR., IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE UNITED STATES, ET AL.,<br><br>　　　　Defendants. | CIV. NO. 21-00243 LEK-RT |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT NERVELL'S MOTION TO DISMISS**

　　　　Before the Court is Defendant Anders G.O. Nervell's ("Nervell") Motion to Dismiss Amended Complaint for Declaratory and Injunctive Relief as to Anders G.O. Nervell ("Motion"), filed on September 21, 2021.[1]  [Dkt. no. 74.]  Plaintiff Hawaiian Kingdom ("Plaintiff") filed its memorandum in opposition on October 19, 2021, and Nervell filed his reply on November 3, 2021.  [Dkt. nos. 129, 146.]  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").  The

---

[1] Nervell's counsel specially appeared for Nervell because personal service was not properly completed on Nervell.  See Motion at 1 n.1.  Nervell does not waive a challenge regarding the sufficiency of service.  See id.

Motion is hereby granted in part and denied in part for the reasons set forth below.

### BACKGROUND

The operative complaint in this action is Plaintiff's Amended Complaint for Declaratory and Injunctive Relief ("Amended Complaint"). [Dkt. no. 55.] Plaintiff alleges Nervell is "Sweden's Honorary Consul to Hawai`i."[2] [Amended Complaint at ¶ 45.] Plaintiff further alleges Nervell "violated international humanitarian laws," and "violated the sovereign interests of" Plaintiff because Nervell "receive[d] exequaturs" from the United States rather than from Plaintiff.[3] See id. at ¶¶ 171, 174. Plaintiff seeks to enjoin Nervell from "serving as [a] foreign consulate[] . . . until [he has] presented [his] credentials to [Plaintiff] and received exequaturs." [Id. at ¶ 175.d.] Nervell seeks dismissal of the claim against him with prejudice on the ground that the Court does not have jurisdiction over him as an Honorary Consul of Sweden.

---

[2] Plaintiff's Amended Complaint, which includes two exhibits, spans over 100 pages. As such, the Court only addresses the factual allegations relevant to Nervell.

[3] Exequatur occurs when "[t]he head of a consular post is admitted to the exercise of his functions by an authorization from the receiving State." Vienna Convention on Consular Relations ("Vienna Convention"), art. 12, Apr. 24, 1963, 21 U.S.T. 77, T.I.A.S. No. 6820 (entered into force by the United States of America Dec. 24, 1969).

**DISCUSSION**

Plaintiff argues that "[b]efore the Court can address the substance of [Nervell's] motion to dismiss it must first transform itself into an Article II Court . . . ." [Mem. in Opp. at 19-20.[4]] Plaintiff bases this argument on the proposition that the Hawaiian Kingdom is a sovereign and independent state. See id. at 4. This district has uniformly rejected such a proposition. See, e.g., U.S. Bank Tr., N.A. v. Fonoti, Civil No. 18-00118 SOM-KJM, 2018 WL 3433295, at *10 (D. Hawai`i June 29, 2018) ("'[T]here is no factual (or legal) basis for concluding that the [Hawaiian] Kingdom exists as a state in accordance with recognized attributes of a state's sovereign nature.'" (some alterations in Fonoti) (quoting State v. French, 77 Hawai`i 222, 228, 883 P.2d 644, 650 (Ct. App. 1994))), *report and recommendation adopted*, 2018 WL 3431923 (July 16, 2018). Plaintiff's request for the Court to "transform itself into an Article II Court" is therefore denied.

Plaintiff asserts its claim against Nervell in his official capacity as Honorary Consul of Sweden to Hawai`i. See Amended Complaint at ¶ 45; see also id. at pg. 3 (case caption).

---

[4] To support this argument, Plaintiff relies on an *amici curiae* brief filed in the instant case. See Brief of *Amici Curiae* International Association of Democratic Lawyers, National Lawyers Guild, and Water Protector Legal Collective in Support of Plaintiff's Amended Complaint, filed 10/6/21 (dkt. no. 96) at 25-26.

Nervell argues that, because Plaintiff's claim is against him in his official capacity, the Court does not possess jurisdiction over him, pursuant to the Vienna Convention. [Motion at 2–3.] The Court agrees.

"The district courts shall have original jurisdiction, exclusive of the courts of the States, of all civil actions and proceedings against . . . consuls or vice consuls of foreign states . . . ." 28 U.S.C. § 1351(1). However, the Vienna Convention provides that consular officials enjoy some immunities from § 1351. See Joseph v. Office of Consulate Gen. of Nigeria, 830 F.2d 1018, 1027 (9th Cir. 1987) ("[T]he district court does not have jurisdiction over [a consular official] if he is protected by consular immunity."). For instance, "[u]nder article 43 of the Vienna Convention, consular officials are subject to the jurisdiction of the receiving state except 'in respect of acts performed in the exercise of consular functions.'" Id. (quoting 21 U.S.T. at 104). Honorary consular officials, regardless of whether they are citizens of the receiving state, are also immune from jurisdiction of the receiving state for acts performed in the exercise of consular functions. See Foxgord v. Hischemoeller, 820 F.2d 1030, 1032-33 (9th Cir. 1987) (explaining some of the different immunities for career consuls, honorary consuls who are not citizens or permanent residents of the receiving state, and honorary consuls

4

who are citizens or permanent residents of the receiving state); see also Vienna Convention, arts. 59 & 71(1), 21 U.S.T at 115, 119.

Here, neither Plaintiff nor Nervell address whether Nervell is a citizen or permanent resident of Hawai`i. However, the result is the same regardless of Nervell's citizenship or residency status because Plaintiff alleges its claim against Nervell for acts performed in the exercise of his consular functions. Specifically, Plaintiff alleges Nervell violated international law because he received exequatur from the United States rather than from the "Hawaiian Kingdom government." See Amended Complaint at ¶¶ 171, 174. As an honorary consul, Nervell "enjoy[s] . . . 'immunity from jurisdiction and personal inviolability in respect of official acts performed in the exercise of [his] [consular] functions . . . .'" See Foxgord, 820 F.2d at 1033 (quoting Vienna Convention, art. 71(1)). The Ninth Circuit has stated:

> Article 5 of the Vienna Convention defines the term "consular function." Articles 5(a)-5(l) list twelve specific consular functions. Article 5(m), a "catch-all" provision, defines "consular function" to include "any other functions entrusted to a consular post by the sending State which are not prohibited by the laws and regulations of the receiving State." 21 U.S.T. at 82-85.

Joseph, 830 F.2d at 1027. Because Plaintiff takes issue with Nervell receiving exequatur from the United States, its claim

5

against Nervell concerns official acts performed in the exercise of Nervell's consular functions.

Accordingly, the Court lacks subject matter jurisdiction over Plaintiff's claim against Nervell because Nervell is immune from suit under the Vienna Convention. Plaintiff's claim against Nervell is therefore dismissed. The dismissal is without prejudice. See Missouri ex rel. Koster v. Harris, 847 F.3d 646, 656 (9th Cir. 2017) ("In general, dismissal for lack of subject matter jurisdiction is without prejudice." (citations omitted)).

## CONCLUSION

On the basis of the foregoing, Nervell's Motion to Dismiss Amended Complaint for Declaratory and Injunctive Relief as to Anders G.O. Nervell, filed September 21, 2021, is HEREBY GRANTED IN PART AND DENIED IN PART. The Motion is GRANTED insofar as Plaintiff's claim against Nervell is DISMISSED. The Motion is DENIED, however, to the extent that the dismissal is WITHOUT PREJUDICE.

Plaintiff is granted leave to amend its claim against Nervell. If Plaintiff wishes to make other amendments to its claims, it must file a motion seeking leave to amend. If Plaintiff chooses to amend its claim against Nervell, it must file its amended complaint by **May 30, 2022.** If Plaintiff does not file a timely amended complaint, Plaintiff's claim against

Nervell will be dismissed with prejudice, and the case will proceed as to Plaintiff's claims against the remaining defendants.

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAII, March 30, 2022.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**HAWAIIAN KINGDOM VS. JOSEPH ROBINETTE BIDEN, JR, ET AL; CV 21-00243 LEK-RT; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT NERVELL'S MOTION TO DISMISS**