UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| HAWAIIAN KINGDOM,<br><br>         Plaintiff,<br><br>    vs.<br><br>JOSEPH ROBINETTE BIDEN, JR., IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE UNITED STATES, ET AL.,<br><br>         Defendants. | CIV. NO. 21-00243 LEK-RT |

### ORDER DENYING PLAINTIFF'S MOTION FOR JUDICIAL NOTICE

Before the Court is Plaintiff Hawaiian Kingdom's ("Plaintiff") motion for judicial notice ("Motion"), filed on December 6, 2021. [Plaintiff's Request for Judicial Notice Pursuant to FRCP 44.1 Re: Civil Law on Juridical Fact of the Hawaiian State and the Consequential Juridical Act by the Permanent Court of Arbitration, filed 12/6/21 (dkt. no. 174).] Defendants Joseph Robinette Biden, Jr., Kamala Harris, John Aquilino, Charles P. Rettig, Charles E. Schumer, Nancy Pelosi,[1] and the United States of America (collectively "Federal Defendants") filed their memorandum in opposition on January 14, 2022, and Plaintiff filed its reply on January 28, 2022. [Dkt.

---

[1] Defendants Joseph Robinette Biden, Jr., Kamala Harris, John Aquilino, Charles P. Rettig, Charles E. Schumer, and Nancy Pelosi, are each sued in his or her official capacity.

nos. 189, 203.]  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").  The Motion is hereby denied for the reasons set forth below.

## DISCUSSION

"Plaintiff . . . requests that, pursuant to [Federal Rule of Civil Procedure] 44.1, the Court take judicial notice of the civil law regarding the **juridical act** of the Permanent Court of Arbitration ('PCA') recognizing the **juridical fact** of the Statehood of the Hawaiian Kingdom and the Council of Regency as its government."  [Motion at 2 (emphases in original).] Plaintiff also asks the Court to take judicial notice of the "expert opinion of Professor Federico Lenzerini, a professor of international law at the University of Siena, Italy."  [Id.] Plaintiff seeks judicial notice of the proffered material to support its contention that the Court should transform itself into an Article II court because the Hawaiian Kingdom is a sovereign and independent state.  See id.; see also Amended Complaint for Declaratory and Injunctive Relief, filed 8/11/21 (dkt. no. 55), at ¶¶ 3-4, 70-75.

Federal Rule of Civil Procedure 44.1 states:

> A party who intends to raise an issue about a
> foreign country's law must give notice by a
> pleading or other writing.  In determining

2

>foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence.  The court's determination must be treated as a ruling on a question of law.

It is the Court's "prerogative under Federal Rule of Civil Procedure 44.1 to 'consider any relevant material or source, including testimony,' . . . in determining a question of foreign law."  Fahmy v. Jay-Z, 908 F.3d 383, 392 n.13 (9th Cir. 2018) (citation omitted).  Although "it is neither novel nor remarkable for a court to accept the uncontradicted testimony of an expert to establish the relevant foreign law[,]" Universe Sales Co., Ltd. v. Silver Castle, Ltd., 182 F.3d 1036, 1039 (9th Cir. 1999), foreign law is not relevant to the instant action.  "[T]he Ninth Circuit, this district court, and Hawai`i state courts have all held that the laws of the United States and the State of Hawai`i apply to all individuals in this State." Moniz v. Hawai`i, No. CIV. 13-00086 DKW, 2013 WL 2897788, at *2 (D. Hawai`i June 13, 2013) (citations omitted).  Moreover, "'[t]here is no factual (or legal) basis for concluding that the [Hawaiian] Kingdom exists as a state in accordance with recognized attributes of a state's sovereign nature.'" U.S. Bank Tr., N.A. v. Fonoti, Civil No. 18-00118 SOM-KJM, 2018 WL 3433295, at *10 (D. Hawai`i June 29, 2018) (quoting Hawaii v. French, 77 Haw. 222, 228, 883 P.2d 644, 650 (Ct. App. 1994))),

3

*report and recommendation adopted*, 2018 WL 3431923 (July 16, 2018).

Because a question of foreign law is not before the Court, it need not consider whether it is appropriate to take judicial notice of Plaintiff's proffered material. Plaintiff's Motion is therefore denied.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Request for Judicial Notice Pursuant to FRCP 44.11 Re: Civil Law on Juridical Fact of the Hawaiian State and the Consequential Juridical Act by the Permanent Court of Arbitration, filed December 6, 2021, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 31, 2022.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**HAWAIIAN KINGDOM VS. JOSEPH ROBINETTE BIDEN, JR., ET AL; CV 21-00243 LEK-RT; ORDER DENYING PLAINTIFF'S MOTION FOR JUDICIAL NOTICE**