UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| HAWAIIAN KINGDOM,<br><br>    Plaintiff,<br><br>  vs.<br><br>JOSEPH ROBINETTE BIDEN, JR., IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE UNITED STATES, ET AL.,<br><br>    Defendants. | CIV. NO. 21-00243 LEK-RT |

**ORDER GRANTING THE FEDERAL DEFENDANTS'
CROSS-MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Defendants the United States of America; Joseph Robinette Biden Jr., President of the United States; Kamala Harris, Vice-President of the United States; John Aquilino, Commander, U.S. Indo-Pacific Command; Charles P. Rettig, Commissioner of the Internal Revenue Service; Charles E. Schumer, U.S. Senate Majority Leader; and Nancy Pelosi, Speaker of the United States House of Representatives,[1] (collectively "Federal Defendants") filed their Cross-Motion to Dismiss the First Amended Complaint ("Cross-Motion") on January 14, 2022. [Dkt. no. 188.] Plaintiff Hawaiian Kingdom ("Plaintiff") filed

---

[1] Defendants Joseph Robinette Biden, Jr., Kamala Harris, John Aquilino, Charles P. Rettig, Charles E. Schumer, and Nancy Pelosi, are each sued in his or her official capacity. See Amended Complaint at pg. 1, 3.

its memorandum in opposition on January 28, 2022, and the Federal Defendants filed their reply on February 11, 2022. [Dkt. nos. 204, 209.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). The Cross-Motion is hereby granted for the reasons set forth below.

## BACKGROUND

The operative complaint in this action is Plaintiff's Amended Complaint for Declaratory and Injunctive Relief ("Amended Complaint"), filed on August 11, 2021. [Dkt. no. 55.] Plaintiff alleges it is an independent and sovereign state and it "continue[s] to exist despite its government being unlawfully overthrown by the United States on January 17, 1893." [Id. at ¶ 71.] Plaintiff states this Court should be an Article II court rather than an Article III court because it "is operating within the territory of the Hawaiian Kingdom." [Id. at ¶ 3 (emphasis omitted).] Plaintiff further alleges the Federal Defendants "have exceeded their statutory authority, engaged in violating the 1907 Hague Regulations, the 1907 Hague Convention, V, and the 1949 Fourth Geneva Convention, and ha[ve] failed to comply with international humanitarian law . . . ." [Amended Complaint at ¶ 158.]

2

Pertinent to the Cross-Motion, the Amended Complaint asks the Court to: (1) "[d]eclare that all laws of the . . . United States of America . . . and maintenance of . . . [its] military installations are unauthorized by, and contrary to, the 1907 Hague Regulations, the 1907 Hague Convention, V, the 1949 Fourth Geneva Convention, and Hawaiian Kingdom law;" [id. at ¶ 175.a (emphasis omitted);] (2) "[d]eclare the **Supremacy Clause** prohibits the State of Hawai`i from 'any curtailment or interference' of the United States of America's explicit recognition of the Council of Regency as the government of the Hawaiian Kingdom . . . ."; [id. at ¶ 175.b (emphasis in original) (some emphases omitted);] and (3) "[e]njoin Defendants from implementing or enforcing all laws of the Defendants United States of America . . . and the maintenance of [its] military installations across the territory of the Hawaiian Kingdom, to include its territorial sea," [id. ¶ 175.c].  The Federal Defendants seek dismissal of Plaintiff's Amended Complaint on grounds that, among other things, the Court lacks subject matter jurisdiction.

## **DISCUSSION**

The Ninth Circuit has stated:

> Congress granted federal district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  The Supreme Court has held that "Congress has given

3

> the lower federal courts jurisdiction to hear . . . only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 27–28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983). "[A] federally created claim for relief is generally a 'sufficient condition for federal-question jurisdiction.'" Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 377, 132 S. Ct. 740, 181 L. Ed. 2d 881 (2012) (quoting Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 317, 125 S. Ct. 2363, 162 L. Ed. 2d 257 (2005)). . . .

Tijerino v. Stetson Desert Project, LLC, 934 F.3d 968, 971–72 (9th Cir. 2019) (alterations in Tijerino).

> A complaint for relief properly invokes federal jurisdiction where its well-pleaded allegations establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 27–28, 103 S. Ct. 2841. There is no federal question jurisdiction where the federal claim asserted is "too insubstantial," Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1035 (9th Cir. 1985), defined as so patently without merit that the claim requires no meaningful consideration. See Yokeno v. Mafnas, 973 F.2d 803, 808 (9th Cir. 1992); see also Cement Masons Health & Welfare Trust Fund for N. Cal. v. Stone, 197 F.3d 1003, 1008 (9th Cir. 1999) ("Any non-frivolous assertion of a federal claim suffices to establish federal question jurisdiction, even if that claim is later dismissed on the merits.").

Id. at 975.

Plaintiff bases its claims on the proposition that the Hawaiian Kingdom is a sovereign and independent state. See, e.g., Amended Complaint at ¶ 71. However, "Hawaii is a state of the United States . . . . The Ninth Circuit, this court, and Hawaii state courts have rejected arguments asserting Hawaiian sovereignty." United States v. Ventura-Oliver, CRIM. NO. 11-00503 JMS, 2013 WL 12205842, at *2 (D. Hawai`i Sept. 30, 2013) (some citations omitted) (citing United States v. Lorenzo, 995 F.2d 1448, 1456 (9th Cir. 1993)); see also U.S. Bank Tr., N.A. v. Fonoti, Civil No. 18-00118 SOM-KJM, 2018 WL 3433295, at *10 (D. Hawai`i June 29, 2018) ("'[T]here is no factual (or legal) basis for concluding that the [Hawaiian] Kingdom exists as a state in accordance with recognized attributes of a state's sovereign nature.'" (some alterations in Fonoti) (quoting Hawaii v. French, 77 Haw. 222, 228, 883 P.2d 644, 650 (Ct. App. 1994))), *report and recommendation adopted*, 2018 WL 3431923 (July 16, 2018).

As such, Plaintiff's claims are "so patently without merit that the claim[s] require[] no meaningful consideration." See Tijerino, 934 F.3d at 975 (citations omitted). In any event, to the extent that Plaintiff's ask the Court to declare that the Hawaiian Kingdom is a sovereign territory, the United States Supreme Court made clear over 130 years ago that "[w]ho is the sovereign, *de jure* or *de facto*, of a territory, is not a

5

judicial, but a political, question, the determination of which by the legislative and executive departments of any government conclusively binds the judges . . . ." Jones v. United States, 137 U.S. 202, 212 (1890); see also Japan Whaling Ass'n v. Am. Cetacean Soc'y, 478 U.S. 221, 230 (1986) ("The political question doctrine excludes from judicial review those controversies which revolve around policy choices and value determinations constitutionally committed for resolution to the halls of Congress or the confines of the Executive Branch."). "This principle has always been upheld by" the Supreme Court. Jones, 137 U.S. at 212. Accordingly, the Court lacks subject matter jurisdiction, and Plaintiff's claims against the Federal Defendants must be dismissed.

Although "[i]n general, dismissal for lack of subject matter jurisdiction is without prejudice[,]" Missouri ex rel. Koster v. Harris, 847 F.3d 646, 656 (9th Cir. 2017), here Plaintiff's claims against the Federal Defendants necessarily involve a political question beyond the jurisdiction of the Court. Thus, no amendment could cure the defects with Plaintiff's claims against the Federal Defendants. See Hoang v. Bank of Am., N.A., 910 F.3d 1096, 1102 (9th Cir. 2018) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could

6

not be saved by amendment." (citation and quotation marks omitted)).  Dismissal is therefore with prejudice.[2]

## CONCLUSION

On the basis of the foregoing, the Federal Defendants' Cross-Motion to Dismiss the First Amended Complaint, filed on January 14, 2022, is HEREBY GRANTED, insofar as Plaintiff's claims against the Federal Defendants are DISMISSED WITH PREJUDICE.

Because there are no remaining claims against the Federal Defendants, the Clerk's Office is DIRECTED to terminate them as parties on **June 24, 2022,** unless a timely motion for reconsideration of this Order is filed.

IT IS SO ORDERED.

---

[2] In light of the dismissal with prejudice for lack of subject matter jurisdiction, it is not necessary for the Court to address the Federal Defendants' argument that the Amended Complaint should be dismissed because Plaintiff did not timely serve its original complaint.  See Mem. in Supp. of Cross-Motion at 10-11.

DATED AT HONOLULU, HAWAII, June 9, 2022.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**HAWAIIAN KINGDOM VS. JOSEPH ROBINETTE BIDEN, JR., ET AL; ORDER GRANTING THE FEDERAL DEFENDANTS' CROSS-MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**