UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| HAWAIIAN KINGDOM,<br><br>    Plaintiff,<br><br>  vs.<br><br>JOSEPH ROBINETTE BIDEN JR., IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE UNITED STATES, ET AL.,<br><br>    Defendants. | CIV. NO. 21-00243 LEK-RT |

**ORDER DENYING PLAINTIFF'S MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL THE JULY 28, 2022, ORDER [ECF 238] DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND ORDER GRANTING THE FEDERAL DEFENDANTS' CROSS-MOTION TO DISMISS THE FIRST AMENDED COMPLAINT [ECF 234], AND TO STAY PROCEEDINGS PENDING APPEAL**

On January 14, 2022, Defendants the United States of America; Joseph Robinette Biden Jr., President of the United States; Kamala Harris, Vice-President of the United States; Admiral John Aquilino, Commander, U.S. Indo-Pacific Command; Charles P. Rettig, Commissioner of the Internal Revenue Service; Charles E. Schumer, U.S. Senate Majority Leader; and Nancy Pelosi, Speaker of the United States House of Representatives, (collectively "Federal Defendants") filed their Cross-Motion to Dismiss the First Amended Complaint. [Dkt. no. 188.] On June 9, 2022, the Court issued its Order Granting the Federal Defendants' Cross-Motion to Dismiss the First Amended Complaint

("6/9/22 Order").  [Dkt. no. 234.[1]]  On June 15, 2022, Plaintiff Hawaiian Kingdom ("Plaintiff") filed its Motion to Alter or Amend Order Granting the Federal Defendants' Cross-Motion to Dismiss the First Amended Complaint [ECF 234] ("Motion to Alter or Amend").  [Dkt. no. 235.]  The Court issued an entering order denying the Motion to Alter or Amend on July 28, 2022 ("7/28/22 EO").  [Dkt. no. 238.]

Before the Court is Plaintiff's motion, filed on August 5, 2022, seeking certification of the 7/28/22 EO for interlocutory appeal ("Certification Motion").  See Motion to Certify for Interlocutory Appeal the July 28, 2022, Order [ECF 238] Denying Plaintiff's Motion to Alter or Amend Order Granting the Federal Defendants' Cross-Motion to Dismiss the First Amended Complaint [ECF 234], and to Stay Proceedings Pending Appeal, filed 8/5/22 (dkt. no. 239).  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").  Plaintiff's Certification Motion is hereby denied for the reasons set forth below.

---

[1] The 6/9/22 Order is also available at 2022 WL 2079649.

**BACKGROUND**

In the 6/9/22 Order, the Court dismissed with prejudice Plaintiff's claims against the Federal Defendants because the Court lacks subject matter jurisdiction.  See 6/9/22 Order, 2022 WL 2079649, at *2-3.  In the 7/28/22 EO, the Court denied Plaintiff's request to reconsider its decision in the 6/9/22 Order because Plaintiff "fail[ed] to identify any new material facts not previously available, an intervening change in law, or a manifest error of law or fact."  [7/28/22 EO at PageID #: 2448-49.]  In the Certification Motion, Plaintiff argues the Court should certify the 7/28/22 EO for interlocutory appeal because the issue of whether the Hawaiian Kingdom continues to exist as a sovereign and independent state is a controlling question of law in this case.  Further, Plaintiff contends there are substantial grounds supporting a contrary opinion on this issue, and an interlocutory appeal of this issue would materially advance this case and other similar cases.

**DISCUSSION**

> A "movant seeking an interlocutory appeal [under 28 U.S.C. § 1292(b)] has a heavy burden to show that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment."  Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978) (internal quotation marks

3

>  and citation omitted);[2] see also James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1067 n.6 (9th Cir. 2002) ("Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly[]"); Du Preez v. Banis, No. CIV. 14-00171 LEK-RLP, 2015 WL 857324, at *1 (D. Haw. Feb. 27, 2015) (collecting cases). Certification for interlocutory appeal under § 1292(b) is only appropriate where: (1) the order involves a controlling question of law; (2) a substantial ground for difference of opinion exists as to that question; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

Botelho v. Nielsen, CIV. NO. 18-00032 ACK-RLP, 2019 WL 1521980, at *1 (D. Hawai`i Apr. 8, 2019) (alterations in Botelho).

"While Congress did not specifically define what it meant by 'controlling,' the legislative history of 1292(b) indicates that this section was to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982) (some citations omitted) (citing United States Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966) (per curiam)), aff'd sub nom., Arizona v. Ash Grove Cement Co., 459 U.S. 1190 (1983). "[A]ll that must be shown in order for a question to be 'controlling' is that

---

[2] Coopers & Lybrand was superseded on other grounds by Fed. R. Civ. P. 23(f). See Microsoft Corp. v. Baker, 137 S. Ct. 1702, 1706-10 (2017).

resolution of the issue on appeal could materially affect the outcome of litigation in the district court." Id. (citation omitted). However, this definition of "controlling" is viewed in light of "the congressional directive that section 1292(b) is to be applied sparingly and only in exceptional cases, and that the 'controlling question of law' requirement be interpreted in such a way to implement this policy." Id. at 1027 (citations omitted).

Here, whether the Hawaiian Kingdom continues to exist as a sovereign and independent state is not a controlling question of law. "The Ninth Circuit, this court, and Hawaii state courts have rejected arguments asserting Hawaiian sovereignty." United States v. Ventura-Oliver, CRIM. NO. 11-00503 JMS, 2013 WL 12205842, at *2 (D. Hawai`i Sept. 30, 2013) (some citations omitted) (citing United States v. Lorenzo, 995 F.2d 1448, 1456 (9th Cir. 1993)). Although the resolution of whether the Hawaiian Kingdom exists as a sovereign and independent state could, theoretically, materially affect the outcome of the litigation, the question presented does not rise to the level of an exceptional case warranting departure from the congressional directive to grant interlocutory appeals sparingly.

Moreover, Plaintiff's proposed interlocutory appeal would not "involve[] an issue over which reasonable judges might

5

differ," and there is no "credible basis for a difference of opinion on the issue."  See Reese v. BP Expl. (Alaska) Inc., 643 F.3d 681, 688 (9th Cir. 2011) (citation and internal quotation marks omitted).  Finally, Plaintiff has not demonstrated that this case involves exceptional circumstances featuring expensive and protracted litigation.  Accordingly, Plaintiff has failed to establish that the instant case presents the type of exceptional circumstances which warrant an interlocutory appeal.  See Coopers & Lybrand, 437 U.S. at 475.  Because an interlocutory appeal is not warranted, Plaintiff's request to stay the proceedings is denied.

## **CONCLUSION**

On the basis of the foregoing, Plaintiff's Motion to Certify for Interlocutory Appeal the July 28, 2022, Order [ECF 238] Denying Plaintiff's Motion to Alter or Amend Order Granting the Federal Defendants' Cross-Motion to Dismiss the First Amended Complaint [ECF 234], and to Stay Proceedings Pending Appeal, filed August 5, 2022, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 15, 2022.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**HAWAIIAN KINGDOM VS. JOSEPH ROBINETTE BIDEN JR., ETC., ET AL; CV 21-00243 LEK; ORDER DENYING PLAINTIFF'S MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL THE JULY 28, 2022 ORDER [ECF 238] DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND ORDER GRANTING THE FEDERAL DEFENDANTS' CROSS-MOTION TO DISMISS FIRST AMENDED COMPLAINT [ECF 234], AND TO STAY PROCEEDINGS PENDING APPEAL**