IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAIIAN KINGOM,<br><br>    Plaintiff,<br><br>vs.<br><br>JOSEPH ROBINETTE BIDEN JR., in his official capacity as President of the United States; KAMALA HARRIS, in her official capacity as Vice-President and President of the United States Senate; ADMIRAL JOHN AQUILINO, in his official capacity as Commander, U.S. Indo-Pacific Command; CHARLES P. RETTIG, in his official capacity as Commissioner of the Internal Revenue Service; JANE HARDY, in her official capacity as Australia's Consul General to Hawai'i and the United Kingdom's Consul to Hawai'i; JOHANN URSCHITZ, in his official capacity as Austria's Honorary Consul to Hawai'i; M. JAN RUMI, in his official capacity as Bangladesh's Honorary Consul to Hawai'i and Morocco's Honorary Consul to Hawai'i; JEFFREY DANIEL LAU, in his official capacity as Belgium's Honorary Consul to Hawai'i; ERIC G. CRISPIN, in his official capacity as Brazil's Honorary Consul to Hawai'i; GLADYS VERNOY, in her official capacity as Chile's Honorary Consul General to Hawai'i; JOSEF SMYCEK, in his official capacity as the Czech Republic's Deputy Consul General for Los Angeles that oversees the Honorary Consulate in Hawai'i; BENNY | CIVIL NO. 21-00243 LEK-RT<br><br>MEMORANDUM IN SUPPORT OF MOTION |

862806_1

MADSEN, in his official capacity as Denmark's Honorary Consul to Hawaiʻi; KATJA SILVERAA, in her official capacity as Finland's Honorary Consul to Hawaiʻi; GUILLAUME MAMAN, in his official capacity as France's Honorary Consul to Hawaiʻi; DENIS SALLE, in his official capacity as Germany's Honorary Consul to Hawaiʻi; KATALIN CSISZAR, in her official capacity as Hungary's Honorary Consul to Hawaiʻi; SHEILA WATUMULL, in her official capacity as India's Honorary Consul to Hawaiʻi; MICHELE CARBONE, in his official capacity as Italy's Honorary Consul to Hawaiʻi; YUTAKA AOKI, in his official capacity as Japan's Consul General to Hawaiʻi; JEAN-CLAUDE DRUI, in his official capacity as Luxembourg's Honorary Consul to Hawaiʻi; ANDREW M. KLUGER, in his official capacity as Mexico's Honorary Consul to Hawaiʻi; HENK ROGERS, in his official capacity as Netherland's Honorary Consul to Hawaiʻi; KEVIN BURNETT, in his official capacity as New Zealand's Consul General to Hawaiʻi; NINA HAMRE FASI, in her official capacity as Norway's Honorary Consul to Hawaiʻi; JOSELITO A. JIMENO, in his official capacity as the Philippines's Consul General to Hawaiʻi; BOZENA ANNA JARNOT, in her official capacity as Poland's Honorary Consul to Hawaiʻi; TYLER DOS SANTOS-TAM, in his official capacity as Portugal's Honorary Consul to Hawaiʻi; R.J. ZLATOPER, in his official capacity as Slovenia's Honorary Consul

to Hawaiʻi; HONG, SEOK-IN, in his official capacity as the Republic of South Korea's Consul General to Hawaiʻi; JOHN HENRY FELIX, in his official capacity as Spain's Honorary Consul to Hawaiʻi; BEDE DHAMMIKA COORAY, in his official capacity as Sri Lanka's Honorary Consul to Hawaiʻi; ANDERS G.O. NERVELL, in his official capacity as Sweden's Honorary Consul to Hawaiʻi; THERES RYF DESAI, in her official capacity as Switzerland's Honorary Consul to Hawaiʻi; COLIN T. MIYABARA, in his official capacity as Thailand's Honorary Consul to Hawaiʻi; DAVID YUTAKA IGE, in his official capacity as Governor of the State of Hawaiʻi; TY NOHARA, in her official capacity as Commissioner of Securities; ISAAC W. CHOY, in his official capacity as the director of the Department of Taxation of the State of Hawaiʻi; CHARLES E. SCHUMER, in his official capacity as U.S. Senate Majority Leader; NANCY PELOSI, in her official capacity as Speaker of the United States House of Representatives; RON KOUCHI, in his official capacity as Senate President of the State of Hawaiʻi; SCOTT SAIKI, in his official capacity as Speaker of the House of Representatives of the State of Hawaiʻi; the UNITED STATES OF AMERICA; and the STATE OF HAWAIʻI,

         Defendants.

         Defendants.

MEMORANDUM IN SUPPORT OF MOTION

Defendants, DAVID YUTAKA IGE, in his official capacity as Governor of the State of Hawaii, TY NOHARA, in her official capacity as Commissioner of Securities, ISAAC W. CHOY, in his official capacity as the director of the Department of Taxation of the State of Hawai'i, and STATE OF HAWAII (hereinafter "State Defendants"), by and through their attorneys, Attorney General Holly Shikada and Deputy Attorney General Amanda Weston, herein submit their memorandum in support of their motion to dismiss.

I. INTRODUCTION

On May 20, 2021, Plaintiff, Hawaiian Kingdom ("Plaintiff"), filed its Complaint seeking an order from this Court granting declaratory and injunctive relief against multiple international, federal and state governmental defendants. ECF No. 1   Plaintiff is seeking, among other relief, an order (1) declaring that all laws of the United States and the State of Hawaii, and the maintenance of the United States' military installations are unauthorized and contrary to the constitution and treaties of the United States; and (2) enjoining the Defendants from implementing or enforcing all laws of the United States and the State of Hawaii, and enjoining the maintenance of the United States' military installations across the territory of the "Hawaiian Kingdom."

Plaintiff filed its Amended Complaint on August 11, 2021. ECF No. 55 Relevant to the State Defendants, the relief requested in the Amended Complaint

862806_1                                    4

was an order (1) declaring that all laws of the United States and the State of Hawaiʻi, and the maintenance of the United States' military installations are unauthorized and contrary to the constitution and treaties of the United States; (2) declaring that the *Supremacy* Clause prohibits the State of Hawaiʻi from interfering with the United States' "explicit recognition of the Council of Regency as the government of the HAWAIIAN KINGDOM;" and (3) enjoining the Defendants from implementing or enforcing all laws of the United States and the State of Hawaiʻi, and enjoining the maintenance of the United States' military installations across the territory of the "Hawaiian Kingdom."

    Plaintiff's Complaint contains many allegations which seek to prove its assertion that the Hawaiian Kingdom was illegally overthrown in 1893, and therefore, the United States ("U.S.") and the State of Hawaii (the "State") are illegally occupying the Hawaiian Kingdom.  Although Plaintiff seemingly relies on many "authorities" to support its proposition, Plaintiff fails to acknowledge the fact that this request has come before the courts many times before, all with the same result of dismissal of the particular case raising the argument.

## II.    LEGAL STANDARD

###     A.    Motion to Dismiss Pursuant to Rule 12(b)(1)

    When a defendant files a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("FRCP"), it is the plaintiff's burden to show that the Court has subject matter jurisdiction over the claim.  While the Court must

accept as true all factual allegations contained in the Complaint, in the case of a motion to dismiss pursuant to Rule 12(b)(1), since the plaintiff bears the burden of proof on the issue of subject matter jurisdiction, the Court must more closely scrutinize the plaintiff's factual allegations contained in the Complaint than it would in resolving a 12(b)(6) motion. *Zivotofsky by Zivotofsky v. Secretary of State*, 511 F.Supp.2d 97, 101 (D.C.Cir. 2007). Moreover, the Court is allowed to consider matters outside the pleadings in making its determination regarding the existence of subject matter jurisdiction. *Id.* at 102.

III. ARGUMENT

Plaintiff's Complaint is a lengthy discourse about why, in the view of a few individuals[1], the United States and the State of Hawaii have allegedly illegally usurped the sovereignty of the Kingdom of Hawaii and are occupying the Kingdom in violation of international laws. As a result, Plaintiff seeks declaratory and injunctive relief from this court to restore the kingdom. The allegations fail to state a claim for which relief can be granted and present a nonjusticiable political question.

A. This Court Lacks Subject Matter Jurisdiction of This Case Because It Presents a Nonjusticiable Political Question

---

[1] The Complaint lists as parties three individuals: David Keanu Sai, who has appointed himself to several positions within the governmental entity he calls the Hawaiian Kingdom; Kauʻi P. Sai-Dudoit, who as the asserted Minister of Finance for the Hawaiian Kingdom, asserts that she holds a position within the Hawaiian Kingdom; and Dexter Keʻeaumoku Kaʻiama, Esq. is the Acting Attorney General.

862806_1                                    6

Assuming that Plaintiff's First Amended Complaint challenges the legality of Hawaii's admission to and continued existence as a state of the United States, Plaintiff presents a nonjusticiable political question to this Court for determination.

Federal courts are courts of limited jurisdiction and have only the power authorized by the Constitution or statutes. *Kokkonen v. Guardian Life Insurance Company of America,* 511 U.S. 375, 378, 114 S.Ct. 1673, 1675 (1994). In the event that the parties do not raise the issue of jurisdiction, courts may raise the issue *sua sponte*. *Douglass v. District of Columbia,* 605 F.Supp.2d 156, 159 (D.C.D.C. 2009) ("…while arguments in favor of subject matter jurisdiction can be waived by inattention or deliberate choice, we are forbidden—as a court of limited jurisdiction—from acting beyond our authority, and 'no action of the parties can confer subject-matter jurisdiction upon a federal court.' " [citations omitted]). Jurisdiction to decide a case is the "first and fundamental question" that the court is "bound to ask and answer." *Bancoult v. McNamara,* 445 F.3d 427, 432 (D.C.Cir. 2006).

Federal courts lack jurisdiction over political decisions that are by their nature committed to the political branches of government and to the exclusion of the judiciary. *Id.* To determine if a case presents a nonjusticiable political question, it is necessary to look to the landmark case of *Baker v. Carr*, 369 U.S. 186, 82 S.Ct. 691 (1962) that developed the political question doctrine and outlined

the six independent tests for determining whether an issue presents a "political question" for which the Court must defer to the appropriate branch of government:

> Prominent on the surface of any case held to involve a political question is found [1] a textually demonstrable constitutional commitment of the issue to a coordinate political department; or [2] a lack of judicially discoverable and manageable standards for resolving it; or [3] the impossibility of deciding without an initial policy determination of a kind clearly for nonjudicial discretion; or [4] the impossibility of a court's undertaking independent resolution without expressing lack of the respect due coordinate branches of government; or [5] an unusual need for unquestioning adherence to a political decision already made; or [6] the potentiality of embarrassment from multifarious pronouncements by various departments on one question.

*Id.* at 217.  Moreover, "[T]o find a political question, we need only conclude that one factor is present, not all." *Schneider v. Kissinger,* 412 F.3d 190, 194 (D.C.Cir. 2005).

In the instant case, Plaintiff appears to challenge the legality of the State of Hawaiʻi and his criminal conviction in the Hawaiʻi state court.  Accordingly, his case raises a nonjusticiable political question in that his claim involves a matter that has been constitutionally committed to Congress.  There is a "textually demonstrable constitutional commitment" to Congress to admit a new State into the Union of the United States. U.S. Const. art. IV, § 3.  Thus, the request to this Court to rule on the validity of the admission of the State of Hawaiʻi to the Union is a nonjusticiable political question over which this Court has no jurisdiction.

In a similar case in which a Plaintiff attempted to challenge the lawfulness of the overthrow of the Kingdom of Hawaiʻi in 1893 and Hawaiʻi's admission to the United States in 1959, the United States District Court for the District of Hawaiʻi, in an unpublished order of dismissal, ruled that the case presented "nonjusticiable political questions" and refused to exercise jurisdiction. In its order in *Williams v. United States*, 2008 WL 5225870 (D.Hawaiʻi)[2], the Court ruled that:

> Under Article IV, Section 3 of the Constitution, '[n]ew States may be admitted by the Congress into this Union[.]' U.S. Const. art. IV, § 3. By an act of Congress, Hawaii was admitted to the Union in 1959. This court, therefore, lacks jurisdiction to decide any issue regarding the legality of Hawaii's statehood including the lawfulness of events leading to statehood. Thus, as to Plaintiff's claim challenging the lawfulness of the overthrow of the Kingdom of Hawaii in 1893, the Intermediate Court of Appeals for the State of Hawaii aptly stated, 'Whatever may be said regarding the lawfulness of the Provisional Government in 1893, the Republic of Hawaii in 1894, and the Territory of Hawaii in 1898, the State of Hawaii…is now, a lawful government." *State v. Fergerstrom,* 106 Haw. 43, 55, 101 P.3d 652, 664 (Haw.App. 2004).

So, too, in the instant case, this Honorable Court lacks jurisdiction to decide the issue of the legality of Hawaiʻi's statehood as the issue involves a matter that has been constitutionally committed to Congress.

## IV. CONCLUSION

For the above-stated reasons, the Court should grant the State Defendants' motion and dismiss the First Amended Complaint.

---

DATED: Honolulu, Hawaii, November 10, 2022.

/s/Amanda J. Weston
AMANDA J. WESTON
Deputy Attorney General

Attorney for Defendants
DAVID YUTAKA IGE, in his official capacity as Governor of the State of Hawaii, TY NOHARA, in her official capacity as Commissioner of Securities, STATE OF HAWAII